STEVEN COSTARELLI, petitioner.

Suffolk. April 4, 1979. — July 25, 1979.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Constitutional Law,* Waiver of trial by jury. *Practice, Criminal,*
    Waiver of trial by jury.

Evidence in a proceeding upon a petition for habeas corpus warranted
    a finding that the petitioner had knowingly and voluntarily waived
    his right to a de novo trial by jury after his conviction in a District
    Court. [518]
Twenty-eight days after the date of this opinion, the requirements
    regarding a colloquy when a jury is waived, as set forth in *Ciummei*
    v. *Commonwealth, ante* 504 (1979), will apply in District Courts.
    [518-519]

PETITION for a writ of habeas corpus filed in the Su-
preme Judicial Court for the county of Suffolk on Febru-
ary 25, 1977.

The case was reported by *Wilkins, J.*

*Robert W. Hagopian* for the petitioner.

*Roberta Thomas Brown,* Assistant Attorney General,
for the respondent.

KAPLAN, J. On January 21, 1974, the petitioner Cos-
tarelli was found guilty by a judge of the First District
Court of Eastern Middlesex of the offenses of operating a

motor vehicle without owner's authority after revocation
of his license to drive (G. L. c. 266, § 28), and possession
of a controlled substance (Nembutal) (G. L. c. 94C, § 34).
He was then informed by the clerk in routine fashion of
his right to appeal. The clerk did not say that on appeal
the petitioner would be entitled to a jury on a de novo
trial. The petitioner did not appeal.

Three years later, on February 25, 1977, the petitioner
filed the present petition for habeas corpus in the Su-
preme Judicial Court for Suffolk County, alleging that
the convictions were void because "nowhere upon the
face of the record (written or oral) does it appear that
petitioner waived his right to a trial by jury." The matter
was referred to a special master who, after hearing, sub-
mitted a report recommending that the convictions be
affirmed. A single justice of this court reserved and re-
ported the case in that posture to the full court, where it
was bracketed for argument with *Ciummei* v. *Common-
wealth, ante* 504 (1979). We confirm the master's report
and affirm the convictions.

Under the system prevailing at the time of the convic-
tions in the present case, a defendant such as this peti-
tioner in District Court was tried by a judge without a
jury, but if convicted he could appeal to the Superior
Court where he would be tried anew by jury unless he
waived the jury in writing. The Supreme Court of the
United States in *Ludwig* v. *Massachusetts*, 427 U.S. 618,
held in 1976 (two years after the present convictions) that
the two-tier system did not burden the jury right unrea-
sonably, but in the course of the Court's opinion a ques-
tion was raised whether "failure to take an appeal would
constitute a knowing and intelligent waiver of the right
to trial by jury." *Id.* at 622 n.1.[1]

---

[1] In response to the *Ludwig* footnote, the District Court procedure
was revised by a bulletin, No. 8-76, August 2, 1976, issued by authority
of the Chief Justice of the District Courts: "[I]t would appear prudent
that when a defendant is notified, following his conviction, that he has
a right to appeal, he should be specifically advised that by appealing
he may secure a new trial before a jury."

The master expressed his view that waiver need not be shown on the face of the record, but could be shown by extrinsic evidence; in this he anticipated our reasoning in the *Ciummei* case, *supra* at 505. The master went on to receive and assess such evidence. It appeared that the petitioner had rather extensive personal experience as a defendant in former prosecutions in the District Courts, and the inference was plain that he well knew that a jury would be available to him if he chose to go by appeal to the second tier; he had in fact been so tried by jury on another occasion.[2] He chose to forgo the opportunity. It should be added that he was represented by counsel in the instant case in the District Court. There was no problem here of the petitioner's competency; he had normal intelligence. On the whole record, the master concluded that the petitioner had made "a conscious decision not to avail himself of a *de novo* trial by jury," and that the Commonwealth had sustained its burden of showing a "deliberate and conscious" waiver. Accepting the master's subsidiary findings, we reach the same conclusion.

The two-tier system has been altered by major reorganization legislation effective January 1, 1979 (St. 1978, c. 478). A defendant in the petitioner's situation in the District Court can now be tried by a jury of six; alternatively, waiving the jury, he may elect to be tried initially by a judge, and if convicted, claim an appeal to a jury of six session of the District Court. See G. L. c. 218, §§ 26A, 27A; c. 278, § 18.[3] From the date of the issuance of a rescript upon this opinion, twenty-eight days hence, the

---

[2] The petitioner has appeared as protagonist in a number of litigations seeking to test aspects of the two-tier system, e.g., *Costarelli* v. *Massachusetts*, 421 U.S. 193 (1975); *Costarelli* v. *Panora*, 431 U.S. 934 (1977), aff'g 423 F. Supp. 1309 (D. Mass. 1976) (three-judge court).

[3] For details of the procedure, see G. L. c. 218, § 26A; Mass. R. Crim. P. 19 (a), *post* 888 (effective July 1, 1979); memorandum from Chief Justice of District Courts to Personnel of District Court Department, December 27, 1978.

requirements regarding a colloquy when a jury is waived, as set forth in *Ciummei,* will apply in District Courts as elsewhere. Any appropriate rule changes will be promulgated in due course.

*Master's report confirmed.*

*Judgments of conviction affirmed.*