COMMONWEALTH *vs.* RICHARD H. SNYDER.  November 3, 1981.  The defendant filed a motion to suppress evidence in the Superior Court.  After that motion was denied, the defendant admitted to sufficient facts for a finding of guilty of the offense charged.  The defendant now claims that he has preserved his right to challenge on appeal the denial of his pretrial motion to suppress.  The trial judge (who was not the motion judge) stated that he was going to "treat [the defendant's admission to sufficient facts] as a plea of guilty" and proceeded to interrogate the defendant fully in the same manner as all defendants who plead guilty.  See, e.g., *Commonwealth* v. *Taylor*, 370 Mass. 141, 144-145 n.5 (1976).

Under the decided cases a guilty plea waives all but jurisdictional defects.  See *Commonwealth* v. *Zion*, 359 Mass. 559, 563 (1971), and cases cited.  See also *United States* v. *Boniface*, 631 F.2d 1228, 1229 (5th Cir. 1980), and cases cited.  Although the judge gave the defendant and his counsel to understand that he was going to adhere to the usual practice in the circumstances, it appears that the defendant and his counsel acted under a misapprehension of the consequences of the steps they took.

Accordingly, we remand this case to the Superior Court, where the defendant may within thirty days move to revoke this implied plea of guilty and proceed to trial.  If the defendant does not so move, the judgment is to stand as affirmed.  Compare *State* v. *Parkhurst*, 121 N.H. 821 (1981).

> *So ordered.*

*Hugh W. Samson* for the defendant.

*John T. McDonough*, Assistant District Attorney, for the Commonwealth.