COMMONWEALTH vs. CHARLES E. DUQUETTE.

Bristol.  April 6, 1982. — July 23, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Waiver of trial by jury, Plea, Continuance without a finding, Admission to facts sufficient to warrant a finding.  *Constitutional Law,* Waiver of constitutional rights.  *Waiver.*

A criminal defendant who, on appeal to the jury session of a District Court, admitted to sufficient facts to warrant a finding of guilty of wanton injury to property, whereupon his case was continued without a finding, on condition that he make restitution before the end of the continuance period, and who thereafter was brought before a different judge after failing to adhere to the conditions of the continuance, was entitled to have his case restored to the jury docket for trial, in view of that judge's finding that he had never waived his right to trial by jury, and it was error for the judge to find him guilty and impose sentence on the basis of the previous admission to sufficient facts.  [838-842]

Failure of a defendant to ensure the preservation of a tape recording of a District Court hearing did not shift the Commonwealth's constitutional burden of showing that the defendant's admissions to sufficient facts to warrant a finding of guilty, which, the Commonwealth contended, amounted to a plea of guilty, were voluntarily and intelligently made. [842-843]

Discussion of the utility of "admission to sufficient facts" and "continuance without a finding" as pretrial diversion procedures, and guidelines for employing these procedural devices in future criminal cases in the District Courts.  [843-847]

COMPLAINT received and sworn to in the First Bristol Division of the District Court Department on August 8, 1978.

On appeal to the jury session, a finding of guilty was entered by *Champagne,* J., and a motion to restore the case to the docket for trial was heard by him.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*James M. Quinn* for the defendant.

*Richard W. Foster,* Assistant District Attorney (*Phillip L. Weiner,* Assistant District Attorney, with him) for the Commonwealth.

LYNCH, J. The issues in this case arise from the use in the District Courts of two related procedures known as a "continuance without a finding" and an "admission to sufficient facts." The defendant contends that he was improperly convicted and sentenced by the operation of these procedures. We agree with the defendant's contentions. We also conclude, however, that the procedures serve a useful purpose, and we suggest some guidelines for their use in the future.

On August 8, 1978, a complaint was filed in the Taunton District Court charging the defendant, Charles E. Duquette, with wilful and malicious destruction of property (see G. L. c. 266, § 127). On October 17, 1978, the defendant appeared before a judge of that court and admitted to sufficient facts. His case was apparently[1] continued without a finding on condition that he make restitution to the owner of the property. The defendant defaulted and on September 20, 1979, after a hearing, a finding of guilty was entered against him.[2] He was given a suspended sentence and ordered to pay restitution of $105. The defendant then appealed, requesting a new trial in the jury of six session of the District Court.

On October 2, 1979, the defendant's case was the subject of a hearing before a second District Court judge, sitting in the jury of six session (the second judge). At this time, the charge against the defendant was reduced to wanton injury to property (see G. L. c. 266, § 127) and the second judge continued the case without a finding for one year. As conditions of the continuance, the defendant was required to

---

[1] The record of the events which occurred at this stage of the proceedings is not well developed. We recite these events only in the interest of presenting as full a picture as possible of the two-tiered District Court procedure.

[2] We assume, although it is not material to this appeal, that the finding of guilty was entered by the same judge who had continued the case without a finding.

pay restitution of $105 by January 2, 1980, and court costs of $100 by the end of the continuance period. The docket entries for October 2, 1979, also include the notation "ASF — sufficient facts found to warrant a finding." The case was then referred to the Taunton District Court for supervision of the defendant with regard to conditions of the continuance.

The defendant failed to comply with the conditions of the continuance and a default warrant was issued on November 3, 1980. On March 19, 1981, a hearing was held before a third District Court judge (the third judge). At this hearing, the defendant moved that his case be restored to the jury of six trial docket and the Commonwealth moved that the defendant be adjudged guilty and sentenced. The third judge found that (1) the defendant had made no waiver, oral or written, of his right to trial by jury, (2) the defendant had not offered to change his plea of not guilty, and (3) it could not be determined "whethere a statement of fact as to the allegations of the complaint was made to the justice presiding prior to the [October 2, 1979] 'continuance without finding' of the case."[3] The judge then ruled that on these facts he was required to enter a finding of guilty and sentence the defendant. He therefore denied the defendant's motion to restore the case to the trial docket, adjudged the defendant guilty, and sentenced him to pay a fine of $25 and a surfine of $6.25.[4] The defendant appealed to the Appeals Court and we transferred the case here on our own motion.

The two-tiered District Court system was substantially altered during the pendency of the defendant's case by the Court Reorganization Act, St. 1978, c. 478, the relevant sections of which became effective on January 1, 1979. St. 1978, c. 478, § 343. At the time of the defendant's October

---

[3] It appears that the tape recording of the October 2, 1979, hearing had been erased pursuant to Rule 11 of the Initial Rules of Criminal Procedure for the District Courts (as amended through 1980) and Dist. Mun. Cts. R. Civ. P. 114 (A) (2) through (A) (7).

[4] The judge stayed execution of this sentence pending the outcome of the defendant's appeal.

17, 1978, appearance in the District Court, defendants in that court were tried in the first instance by a judge. No trial by jury was available. If convicted, a defendant could appeal to the Superior Court and obtain a trial de novo. This trial would be before a jury unless the defendant made a valid waiver of his right to a jury trial. See generally *Costarelli, petitioner*, 378 Mass. 516, 517 (1979); K.B. Smith, Criminal Practice and Procedure § 741 (1970). In addition, a defendant in certain counties, including Bristol County, could waive his right to appeal to the Superior Court and appeal instead for trial in the jury of six session of the District Court for that county. St. 1972, c. 620, § 1. See K.B. Smith, *supra* at §§ 741 & 758. The United States Supreme Court held, in *Ludwig* v. *Massachusetts*, 427 U.S. 618, 630 (1976), that the unavailability of trial by jury at the first stage of this system did not unconstitutionally burden the right to trial by jury.

The Court Reorganization Act eliminated the right to a de novo trial in the Superior Court. Instead, a defendant is now entitled to a trial by a District Court jury of six in the first instance. Alternatively, a defendant may waive his right to a first instance jury trial and elect to be tried by a judge of the District Court. He may then appeal to the District Court jury of six session, where he will be tried by a jury unless he once again waives a jury trial and elects to be tried by a second judge. See G. L. c. 218, §§ 26A & 27A; G. L. c. 278, § 18; *Costarelli, petitioner, supra* at 518; K.B. Smith, *supra* at §§ 741-742, 764 (Supp. 1979).

The application of these statutory District Court procedures to this case is complicated by the presence of two less clearly defined aspects of District Court practice, the "continuance without a finding" and the "admission to sufficient facts." Under the practice known as "continuing without a finding," a District Court judge continues a case for a lengthy period of time without making a finding of guilty. The judge may impose certain conditions on the defendant. At the end of the designated period, if the defendant has complied with the conditions of the continuance, the case is

dismissed. *Rosenberg* v. *Commonwealth*, 372 Mass. 59, 63 n.5 (1977). *Commonwealth* v. *Eaton*, 11 Mass. App. Ct. 732 (1981). K.B. Smith, Criminal Practice and Procedure § 728 (1970). Compare Model Code of Pre-Arraignment Procedure § 320.5 (1) (b), (c), and (d) (1975). Apparently these continuances are often granted when the defendant has pleaded not guilty, although some judges insist on a guilty plea. K.B. Smith, *supra.* In this case the continuance without a finding was used in conjunction with an "admission to sufficient facts." The issue raised by the defendant is whether, under these circumstances, the third judge could find him guilty and impose sentence when he failed to adhere to the conditions of the continuance imposed by the second judge.

An "admission to sufficient facts" or "submission to a finding" means an admission to facts sufficient to warrant a finding of guilty. K.B. Smith, *supra* at § 759 (Supp. 1979). The use of this procedure in jury-waived sessions of the District Court is authorized by Mass. R. Crim. P. 12 (a) (3), 378 Mass. 866 (1979), which provides that "[i]n a District Court jury-waived session a defendant may, after a plea of not guilty, admit to sufficient facts to warrant a finding of guilty." It has apparently been assumed that the admission to sufficient facts would be used primarily at the first tier of the District Court system by pre-1979 defendants who wished to obtain as quickly as possible a de novo jury trial at the second tier, see K.B. Smith, *supra* at § 660 (1970); *Ludwig* v. *Massachusetts*, 427 U.S. 618, 621, 626 (1976), and by post-1979 defendants who have waived a jury trial at the first tier but wish to expedite their claim to a de novo jury trial at the second tier, see Reporters' Notes to Mass. R. Crim. P. 12 (a) (3), Mass. Ann. Laws, Rules of Criminal Procedure at 202-203 (1979); K.B. Smith, *supra* at § 759 (Supp. 1979). The dispute in this case arises from the parties' use of the admission to sufficient facts at both stages of the District Court proceedings, although it is hard to see how the second stage could have been a "jury-waived session" under rule 12 (a) (3) in the absence of the written

waiver of a jury trial required by Mass. R. Crim. P. 19 (a), 378 Mass. 888 (1979), G. L. c. 263, § 6, and G. L. c. 218, § 27A (g).

The third judge, who found the defendant guilty, sentenced him, and denied his motion to restore the case to the jury of six trial docket, acted pursuant to a memorandum of the Chief Justice for the District Courts, dated October 15, 1979, which discussed procedures in the jury sessions of the District Courts. The relevant portions of this memorandum are set forth in the margin.[5] In this document the Chief Justice takes the position that when a case is continued without a finding by a judge in the second tier jury of six session, a District Court judge shall, upon finding a breach by the defendant of the conditions of the continuance, enter a guilty finding and sentence the defendant, who then has no further right to a de novo jury trial. The defendant argues that the proceedings in the jury of six session deprived him of his statutory right to a jury trial or effected an involuntary guilty plea, or both, in violation of applicable constitutional safeguards. We agree with both of these contentions.

A defendant who has appealed to the jury of six session has the right to be tried by a jury in accordance with the

---

[5] "2. *Action on Cases Returned After a Continuance Without a Finding in the Jury Session.* If a case is continued without a finding and returned to the primary court, the *primary* court should (a) hear and decide the question of whether the terms of the continuance have been violated, should this question arise, and (b) if it finds that the terms have been violated, proceed to enter the guilty finding and, after such hearing as is necessary, proceed to sentence the defendant. . . .

"Judges sitting in the jury session should inform defendants whose cases they may be inclined to continue without a finding that, should they violate the conditions of the continuance, they are subject to the sentence that will be imposed at the primary court *and that there is no right to de novo appeal thereafter.*

"Where a Judge in a primary court, acting pursuant to this policy, finds a violation of the continuance conditions and proceeds to enter the guilty finding and pronounce sentence, he acts under a general assignment by the Chief Justice, deemed to be hereby issued under G. L. c. 218, s. 27A (g). In the case where a primary court Judge heard the case prior to the appeal, another Judge of the primary court, or a specially assigned Judge, should handle the matter." (Emphasis in original.)

provisions of G. L. c. 218, § 27A, unless he or she "elect[s] to waive a jury of six in the manner provided by [G. L. c. 263, § 6]." G. L. c. 218, § 27A (g). General Laws c. 263, § 6, as appearing in St. 1979, c. 344, § 19, provides, in relevant part: "Any defendant in a criminal case other than a capital case . . . may, if he shall so elect, when called upon to plead, or later and before a jury has been impanelled . . . , waive his right to trial by jury *by signing a written waiver thereof and filing the same with the clerk of the court*" (emphasis supplied). See Mass. R. Crim. P. 19 (a) (also requiring that waiver of right to jury trial be in writing and filed with the clerk). In this case the jury of six judge who entered the finding of guilty found as a fact that "[t]he defendant made no waiver, written or oral, of trial by jury." In light of this finding, it was error for the third judge to deny the defendant's motion to restore his case to the docket for trial by a jury of six.[6] The Commonwealth's argument that the defendant's admission to sufficient facts in the jury of six session provided a factual basis for a finding of guilty by the third judge is beside the point. The defendant could not be tried by any judge unless he had waived his right to be tried by a jury. No waiver by the defendant has been shown. Thus the events in the jury of six session cannot be viewed as a valid bench trial.[7]

The Commonwealth argues, however, that the defendant had no right to a jury trial because the admission to sufficient

---

[6] We do not mean to suggest that an oral waiver by a defendant of his right to a jury trial would be valid in the face of the method for waiver prescribed by statute. See *Gallo* v. *Commonwealth*, 343 Mass. 397, 402 (1961).

[7] We note also that under Rule 3 of the District Court Department Supplemental Rules of Criminal Procedure (effective February 1, 1981), cited by the Commonwealth, "[t]he court shall not . . . make a finding of guilty upon the defendant admitting to a finding of facts sufficient to warrant the same, unless it is satisfied that there is a factual basis for such . . . finding." In light of the third District Court judge's statement that he was unable to ascertain what, if anything, was presented to the second judge prior to the continuance without a finding, it is hard to see how he could have determined that there was a factual basis for a finding of guilty.

facts eliminated all factual issues, leaving nothing for a jury to try. In other words, the Commonwealth contends that the admission to sufficient facts constituted a valid basis for conviction because it amounted, under the circumstances, to a change of plea from not guilty to guilty. We assume for the moment that this argument is not foreclosed by the third judge's finding that "[t]he defendant did not offer to change his plea of 'not guilty.'"

When the defendant admitted to sufficient facts in the jury of six session, the second judge clearly could have chosen to treat the admission as a plea of guilty. See *Commonwealth* v. *Snyder*, 12 Mass. App. Ct. 960 (1981); K.B. Smith, Criminal Practice and Procedure § 728 (1970). It is well-established, however, that a guilty plea may not be accepted without an affirmative showing that the defendant acts voluntarily and understands the consequences of his plea. *Boykin* v. *Alabama*, 395 U.S. 238, 242 (1969). *Commonwealth* v. *Morrow*, 363 Mass. 601, 604 (1973). Massachusetts Rule of Criminal Procedure 12 (c) (3), 378 Mass. 866 (1979),[8] specifically requires the judge to ensure that the defendant is informed, on the record and in open court, of the three constitutional rights which are waived by a plea of guilty: the right to trial, the right to confront one's accusers, and the privilege against self-incrimination. See *Boykin* v. *Alabama, supra* at 243. The burden is on the Commonwealth to show that a challenged guilty plea was understandingly and voluntarily made. *Commonwealth* v. *Morrow, supra. Huot* v. *Commonwealth*, 363 Mass. 91, 99-100 (1973). See *Commonwealth* v. *McGuirk*, 376 Mass. 338, 341 n.4 (1978). There has been no showing that the defendant was questioned on record, at the October 2, 1979 hearing, concerning the voluntariness of his "plea." Indeed there is no evidence that the defendant was informed at the hearing that his admission to sufficient facts would be treated

---

[8] The Massachusetts Rules of Criminal Procedure took effect on July 1, 1979. 378 Mass. 842 (1979). Thus, rule 12 applied to the District Courts on October 2, 1979, when the defendant admitted to sufficient facts in the jury of six session.

as a plea of guilty. Contrast *Commonwealth* v. *Snyder, supra* (judge stated intention to treat admission as a plea of guilty and interrogated the defendant on voluntariness).

The Commonwealth argues that the defendant is precluded from questioning the constitutionality of the process by which he was convicted because he failed to preserve the tape recording of the October 2, 1979, hearing under the procedures outlined in Dist. Mun. Cts. R. Civ. P. 114 (a) (2) through (7), applicable to criminal proceedings in the District Court under former Rule 11 of the Initial Rules of Criminal Procedure for the District Courts (as amended through 1980). See note 3, *supra*. The defendant's failure to ensure that the record was preserved does not shift the constitutional burden on the voluntariness of what is alleged to have been a guilty plea by the defendant. In *Commonwealth* v. *Foster,* 368 Mass. 100, 100-102 (1975), this court interpreted *Boykin* v. *Alabama, supra,* as requiring that the voluntariness and intelligence of a guilty plea appear affirmatively from the record at the time of the plea. The following language is especially pertinent here: "It may happen, regrettably, that no record was made of the proceedings on a plea which is later challenged on the ground that no adequate probe was made of the defendant's attitude at the time. In such a case it would be necessary to take proof from witnesses to reconstruct what occurred in court when the plea was made." *Foster, supra* at 108 n.6.

Nowhere does the Commonwealth suggest that it could produce witnesses to show that an inquiry on voluntariness was made of the defendant when he admitted to sufficient facts. It seems far more likely that the judge at the October 2, 1979, hearing did not believe such an inquiry was required. See Rule 4 of the Initial Rules of Criminal Procedure for the District Courts (as amended through 1980) (inquiry required for plea of guilty "not . . . applicable to a defendant who has pleaded not guilty and at the trial admits to a finding of facts sufficient to warrant a finding of guilty").[9] If the

---

[9] This rule was repealed effective February 1, 1981. The subject is now covered by Mass. R. Crim. P. 12 (c), 378 Mass. 866 (1979).

admission is to be given the effect of a guilty plea, it must be supported by the same demonstrations of voluntariness and intelligence that are required of any other guilty plea in the courts of the Commonwealth.

We recognize that the "continuance without a finding" is a procedure which often serves the best interests of both the Commonwealth and the defendant. The benefit to a defendant is obvious: he may be able to avoid a trial and "earn" a dismissal of the indictment or complaint, thereby avoiding the consequences of having a criminal conviction on his record. These advantages would be especially appealing to a first offender or a defendant whose job security or family situation might be threatened by a conviction. The Commonwealth avoids the more time-consuming process of trial and sentencing. Statutes or court rules specifically authorizing practices similar to the continuance without a finding have been adopted in many jurisdictions. See Annot., 4 A.L.R. 4th 147 (1981). It has been suggested that such "pre-trial diversion" programs reduce the risk of recidivism for first time offenders, enable a defendant to preserve his community and family ties, and help reduce court backlogs. See A.W. Campbell, Sentencing § 104 (1978); J.S. Williams, Sentencing and Corrections 88-90 (1974).

Our decision in this case does not preclude judges and litigants from making use of the continuance without a finding and the admission to sufficient facts at both levels of the District Court system. However, we think that the greater finality of proceedings at the jury of six level requires the admission to sufficient facts to be treated differently there from the way it is treated at the bench trial level.

We note, as an initial matter, that the confusion in this case stems in large part from the failure of the Commonwealth and the jury of six level judges to obtain a written waiver of trial by jury from the defendant. A District Court defendant is now entitled to trial by a jury of six in the first instance. If he elects instead to be tried by the judge and files the required written waiver of a jury, the defendant has

the right to be tried by a jury upon appeal. Unless the Commonwealth is willing to proceed with a jury trial of a defendant who has violated the conditions of a continuance without a finding of his case, a written waiver of trial by jury should be obtained prior to the continuance and the judge should conduct the colloquy required by *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509-510 (1979), and District Court Department Supplemental Rule of Criminal Procedure 2 (effective February 1, 1981). An admission to sufficient facts is not a substitute for these procedural requirements. Careful attention to waivers of jury trial should eliminate much of the confusion that might otherwise arise from continuances at both tiers of the District Court system.

The major difference between the two tiers of the District Court system is that a defendant found guilty in the jury of six session, whether by a judge or by a jury, has no right to a de novo appeal. Because the jury of six session represents a defendant's last opportunity for a trial, it is important that the defendant fully understand the impact that an admission to sufficient facts will have on his rights. We assume that in the usual case the defendant will first make a valid waiver of his right to trial by jury. Thus, it is the impact of an admission to sufficient facts on the defendant's right to a bench trial with which we are concerned. If, following an admission to sufficient facts, the case is continued without a finding upon conditions, the defendant violates those conditions, and a finding of guilty is entered, the defendant has, in effect, waived his rights to confront and cross-examine the witnesses against him and to call witnesses in his own behalf. *Chambers* v. *Mississippi,* 410 U.S. 284, 294-295 (1973). If, on the other hand, the defendant was given the opportunity, following his violation of the conditions, to present evidence and call witnesses, only the first two rights (to confront and to cross-examine the government's witnesses) would be affected by the earlier admission to sufficient facts. Cf. *Brookhart* v. *Janis,* 384 U.S. 1, 3-7 (1966). In either case, however, it is important that the defendant be

aware of the rights he is waiving by admitting to sufficient facts. See generally *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 235-238 (1973).

We think the following procedures should be followed whenever an admission to sufficient facts is used at the second, or jury of six, level of the District Courts. (1) The defendant should sign the written waiver of trial by jury required by Mass. R. Crim. P. 19 (a), G. L. c. 218, § 27A (g), and G. L. c. 263, § 6, and the judge should make the inquiries required by *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509-510 (1979). (2) When the defendant admits to sufficient facts, those facts should be formalized in written stipulations which can then be filed with the papers in the case. (3) The judge should satisfy himself that there is a factual basis for a finding of guilty, as required by District Court Department Supplemental Rule of Criminal Procedure 3 (effective February 1, 1981). (4) The judge should then inform the defendant that by admitting to sufficient facts he is waiving his rights to confront and cross-examine witnesses against him and to call witnesses on his own behalf if the conditions of the continuance are violated. Alternatively, if the parties have agreed that the defendant may still call witnesses on his own behalf after his violation of any conditions of the continuance, the judge's advice need only cover the first two rights.[10] The judge should question the defendant to ensure that he understands these rights and has voluntarily elected to waive them. In explaining these rights and probing the defendant's understanding, the judge should adhere to the procedures outlined in Mass. R. Crim. P. 12 with respect to guilty pleas. (5) If the defendant indicates that he understands the rights he is waiving and wishes to waive them, the judge may enter the admission to sufficient facts on the record and continue the case with any condi-

---

[10] Judges sitting in the jury session are already required to inform defendants whose cases are continued without a finding that violation of the conditions of the continuance will subject them to immediate sentencing. See note 5, *supra*. The procedure we have suggested merely requires that the judge explain the reasons for this result.

tions to which the parties have agreed. (6) If the conditions are violated, the judge who hears the matter would either enter a finding based upon the stipulated facts, or hear the defendant's case and then render a decision, depending on the agreement. A judge who enters a finding of guilty and imposes sentence thereon must be satisfied of the defendant's guilt beyond a reasonable doubt.

We recognize that the procedure we have outlined makes the admission to sufficient facts somewhat more cumbersome at the jury of six level. Nonetheless, the finality of a conviction at this level requires that careful attention be given to the relationship between this traditional District Court device and the defendant's rights. There will still be cases in which a continuance without a finding appears to be the most desirable disposition for all parties. All we require is that the defendant know what rights he is waiving when he admits to sufficient facts.

At the first tier of the District Court system, admissions to sufficient facts may be treated more informally, provided, of course, that the defendant has first made a valid written waiver of his right to an immediate jury trial. See District Court Department Supplemental Rule of Criminal Procedure 2 (effective February 1, 1981). Once the defendant has waived a jury trial, he could choose to admit to sufficient facts as a step in obtaining a continuance without a finding of his case. If he then fails to meet any conditions attached to the continuance, he could be found guilty and sentenced. The important point is that the defendant can still appeal to the jury of six session and obtain a trial de novo. It has long been the rule that " '[t]he appeal from the judgment of the District Court vacate[s] that judgment, and render[s] immaterial . . . all . . . errors and irregularities in the proceedings there.' " *Enbinder* v. *Commonwealth*, 368 Mass. 214, 217, cert. denied, 423 U.S. 1024 (1975), quoting from *Commonwealth* v. *Holmes*, 119 Mass. 195, 199 (1875). *Mann* v. *Commonwealth*, 359 Mass. 661, 666 (1971). See cases cited in *Commonwealth* v. *Pope*, 4 Mass. App. Ct. 854 (1976). Thus, at this first level, any theoretical problems,

whether of a constitutional or statutory nature, that are sug-
gested by the entry of a finding of guilty based on an admis-
sion to sufficient facts are wiped out by the appeal for trial
de novo. The defendant's remedy for any perceived unfair-
ness in this procedure is to appeal to the jury of six session
and obtain a new trial.

A judge at the first tier also has the option of requesting
that a defendant waive his right to trial de novo as a condi-
tion of obtaining a continuance without a finding of his case.
However, since the proceedings would then have the final-
ity normally associated with second tier proceedings, the
safeguards which we have required for admissions to suffi-
cient facts at the second level would be applicable.

The judgment of the District Court is reversed and the
finding of guilty set aside. The case is remanded to the jury
of six session of the District Court for trial.

*So ordered.*