Lane T. MELE, Petitioner, Appellee,

v.

FITCHBURG DISTRICT COURT, et al., Respondents, Appellants.

No. 88–2079.

United States Court of Appeals, First Circuit.

Heard May 2, 1989.

Decided Aug. 16, 1989.

Marc C. Laredo, Asst. Atty. Gen., Crim. Bureau, with whom James M. Shannon,

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade,

Atty. Gen., Boston, Mass., was on brief, for respondents, appellants.

Ellen K. Wade with whom Henry F. Owens III, Alan Biedermann and Owens & Associates, Boston, Mass., were on brief, for petitioner, appellee.

Before BREYER and TORRUELLA, Circuit Judges, and RE,* Judge.

TORRUELLA, Circuit Judge.

Fitchburg District Court ("Fitchburg") appeals the decision by the United States District Court for the District of Massachusetts, which held that the Massachusetts court had violated the rules established in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and there*f*ore vacated Lane Mele's sentence.

I.

In *Pearce*, the Supreme Court held that a defendant's due process rights were violated when a judge enhanced a sentence because of vindictiveness after the defendant's successful appeal. Nevertheless, there exists no constitutional bar to a "more severe sentence upon reconviction." *Id.* at 723, 89 S.Ct. at 2079. The Court held, however, that the reasonable apprehension of vindictiveness could chill defendants' from appealing or otherwise challenging erroneous judgments or sentences. Therefore, the Court created the prophylactic rule at issue in this case, that a judge who enhances a sentence upon reconviction after a successful appeal must articulate for the record reasons justifying the increased term. *Id.* at 726, 89 S.Ct. at 2081. Specifically,

> whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon

sitting by designation.

which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.*

Since this decision, the Court has limited the application of this rule under many circumstances. Of the most relevance to this case, the Court has held that *Pearce* is not applicable to cases in which the defendant is retried as part of a two-tier, *de novo* system. *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). The system in Kentucky under *Colten* provided that an arresting officer would decide whether to assign a defendant in a misdemeanor case to be tried in an inferior court. If convicted, the defendant had an absolute right to a trial *de novo* in a court of general criminal jurisdiction. The Court considered the following four factors before concluding that the possibility of vindictiveness is not inherent in this type of system: 1) different courts were responsible for the two trials; 2) the second court was not asked to find error, but rather just to retry the case; 3) new trials were a regular and common part of the system; and 4) the second court may not have been informed of the sentence in the first. *Id.* at 116–18, 92 S.Ct. at 1960–61. Thus, the Court showed that it was unwilling to blindly apply *Pearce* to all situations involving resentencing and instead would first determine if there existed a reasonable basis for apprehending vindictiveness. *See also Alabama v. Smith*, — U.S. ——, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (holding that no presumption of vindictiveness arises when first sentence is based upon a guilty plea and therefore *Pearce* does not apply); *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) (holding that *Pearce* does not apply when both sentences determined by different juries).

## II.

Mele was charged in Massachusetts with motor vehicle homicide, speeding, failure to stay within marked lanes, and operating to endanger. These charges stemmed from a car accident in which he was driving one of the cars involved and which resulted in the death of one teenager and serious injuries to another. The Massachusetts two-tier criminal justice system allows a defendant to waive a jury trial at the first tier and then, if found guilty, the defendant will have an automatic right to be retried before a six person jury. Mele opted for a bench trial and, after admitting sufficient facts, was convicted. He was sentenced to two years incarceration. The sentence was suspended and he was placed on two years probation. He was also ordered to perform 100 hours of community service.

Mele did not ask to be retried before a jury and instead filed a motion for a new trial over a year after his conviction. Although the court at first denied this motion, the Massachusetts Appeals Court granted the motion and vacated the judgment against him. The appeals court, in a rescript opinion,[1] found that the judge below had erred and that Mele was entitled to a new trial.[2] Because the court concluded that in substance Mele had taken advantage of the de novo system available to him, they reassigned his case to be heard before a jury of six with a different judge presiding. He was again convicted and was sentenced by the judge to two and one half years, with all but twenty days suspended. The judge credited Mele with the service of his previous probation and suspended sentence, in accordance with *Pearce*, 395 U.S. at 717, 89 S.Ct. at 2076.

The judge found that he was not required to enunciate reasons for the enhanced sentence because Mele's second conviction had resulted from a trial *de novo*. Nevertheless, the judge chose to act prudently and file a written statement of reasons. He stated

---

1. A rescript opinion is a written opinion that is based solely on existing precedent. *See Mele v. Fitchburg District Court*, 696 F.Supp. 766, 767 n. 2 (D.Mass.1988).

2. Details of this reasoning behind this opinion are irrelevant to the appeal before us.

In the judgment of the Court this case is very serious.... In operating the vehicle as he did Mele was not only heedless of his own safety but that of his two passengers as well.

.... The Court is also aware that at trial time Mele was awaiting trial on a prior charge of driving negligently so as to endanger the lives and safety of the public on October 9, 1982, approximately one month before [the subject accident occurred].

In imposing a harsher sentence this day on the subject charge, I do so because of my personal conviction that the crime warrants actual service of at least a portion of the defendant's sentence, in this case twenty days. I have not reached this decision vindictively nor in reprisal for the defendant having successfully appealed for a new trial. Before acting, I heard disposition evidence from a witness on behalf of the defendant and I have received, read, and filed statements from the family of the deceased pursuant to G.L. c. 258A s.4B. I reached my decision on disposition independently of the action of the primary court and solely on the evidence and argument before me.

The record also indicates that the court was aware that Mele had violated his conditions of parole after his first sentence and was fined accordingly.

After exhausting his state court remedies, Mele filed a petition for habeas corpus relief in the United States District Court for the District of Massachusetts challenging this enhanced sentence. The court ordered that the second sentence be vacated, unless the Massachusetts District Court resentenced Mele within 60 days "in accordance with the dictates of *Pearce*." *Mele v. Fitchburg District Court*, 696 F.Supp. 766, 770 (D.Mass.1988). The court held that *Colten* did not apply because Mele was retried after an appeal, rather than automatically due to the two-tier system, and also because he was retried before the same court, although admittedly not the same judge. *Id.* at 768–69. The court concluded that there existed within the Massachusetts District Court "a high degree of intra-court collegiality and loyalty," *id.* at 769 n. 7, where the second judge is "likely to identify strongly with his colleague." *Id.* at 769. Thus, "the danger of vindictiveness, found dispositive in *Pearce*, exists with equal force here" and the court found this danger to be heightened by the fact that the first judge was reversed by means of a rescript opinion.[3] *Id.* It is from the decision of this court that Fitchburg now appeals.

### III.

Fitchburg argues on appeal that *Pearce* does not apply to this case for any one of three reasons. First, this case is analogous to *Colten* because of the Massachusetts two-tier criminal system, under which Mele was convicted for the second time after a trial *de novo*. Second, Fitchburg argues that *Pearce* should not apply because different judges sentenced Mele after each trial and there is dicta in *McCullough*, 475 U.S. at 140–42 nn. 3–4, 106 S.Ct. at 979–81 nn. 3–4, that suggests that the primary concern of *Pearce* was situations in which the same judge determined both sentences. Lastly, Fitchburg contends that *Pearce* should not apply to cases in which a defendant's first conviction followed an admission of sufficient facts, which may lead to lenience by the sentencing judge that should not then be imposed on the resentencing judge. Even if *Pearce* is held to apply, however, Fitchburg argues that the requirements have been met and therefore, the sentence should be affirmed.

Mele argues that *Pearce* was applicable and that the sentencing judge failed to satisfy its requirements. He claims that the analysis of *Colten* is inapposite because he did not take advantage of his right to a trial *de novo* and instead won his new trial through the appellate process. Indeed, this system differs from that of Kentucky in

---

3. The Court below found it to be particularly upsetting for a judge to get reversed by rescript. "[W]hen a Massachusetts trial justice is reversed by a rescript, he knows that he has run afoul of some already charted shoal. Even more stinging, of course, is to be summarily reversed without opinion." *Mele v. Fitchburg District Court*, 696 F.Supp. 766, 767 n. 2 (D.Mass.1988).

that the same court will hear the second trial, which will be before a jury. The resentencing is by a judge, however, of the same court, although admittedly not the same judge. Mele argues that *Pearce*'s requirements were not met because the sentencing judge failed to affirmatively state for the record acts by Mele occurring after the first sentencing proceeding upon which the second judge relied in making his decision.

■ We rule that *Pearce* is inapplicable to the facts of this case. The Supreme Court's recent decision in *Alabama v. Smith*, —— U.S. ——, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), held that no presumption of vindictiveness arises, and thus *Pearce* does not apply, to cases in which the first conviction was based upon a guilty plea and the second followed a trial. In *Smith*, the same judge presided over the second trial as well as the original sentencing. Thus, the same judge was responsible for resentencing even though the defendant was allowed to withdraw his plea upon appeal because of errors committed by the judge during the defendant's change of plea hearing. The judge, upon resentencing, explained that he was giving defendant a harsher sentence because of evidence that came out at trial indicating the brutality of the crime committed and therefore convincing him that the original sentence had been too lenient. *Id.* at ——, 109 S.Ct. at 2203–05.

The Court reiterated that a presumption of vindictiveness does not arise every time a defendant receives a higher sentence after retrial. *Id.* Rather, *Pearce* should be applied only under those circumstances "in which there is a 'reasonable likelihood,' ... that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Id.* at ——, 109 S.Ct. at 2205–07 (citation omitted). The Court concluded that this likelihood was not present in cases in which the first conviction was subsequent to a guilty plea, even if the same judge imposes both sentences, because the judge will have much more relevant information available after a trial than after a plea. *Id.*

[I]n the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation.... Finally, after trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present.

*Id.* (citations omitted).

We conclude that the rationale of *Smith* is fully applicable to the present case. Mele's first conviction did not result after a full trial, but rather was based on Mele's having admitted sufficient facts. The Massachusetts Supreme Judicial Court defines "admission to sufficient facts" as an "admissi on to facts sufficient to warrant a finding of guilty." *Commonwealth v. Duquette*, 386 Mass. 834, 438 N.E.2d 334, 338 (1982). This procedure is allowed in jury-waived sessions after a plea of not guilty. *See* Mass.R.Crim.P. 12(a)(3). It is often used by defendants who "have waived a jury trial at the first tier but wish to expedite their claim to a de novo jury trial at the second tier." *Duquette*, 438 N.E.2d at 338.

The Supreme Judicial Court has held that an admission of sufficient facts is the functional equivalent of and can be treated as a guilty plea. *Duquette*, 438 N.E.2d at 339–40; *Commonwealth v. Greene*, 400 Mass. 144, 508 N.E.2d 93, 95 (1987); *Commonwealth v. Lewis*, 399 Mass. 761, 506 N.E.2d 891, 892 (1987). "[S]uch an admission in the primary session [of the Massachusetts District Court] ... is the fundamental equivalent of a guilty plea." 30 K. Smith, *Massachusetts Criminal Practice and Procedure* § 1202 supp. at 194 (1989). The United States Supreme Court also has recognized the equivalence of pleading guilty and admitting sufficient facts. *See Ludwig v. Massachusetts*, 427 U.S. 618, 621, 96 S.Ct. 2781, 2783, 49 L.Ed.2d 732 (1976).

Thus, the same considerations that led the Court in *Smith* to find no presumption of vindictiveness are present here. The judge presiding over a trial is presented with much more information about the de-

fendant and the circumstances surrounding the crime than when a defendant admits to sufficient facts. Also, whereas a judge may feel leniency is appropriate for a defendant who admits sufficient facts, this may not be as relevant to the defendant who then goes to trial. Finally, in this case two different judges imposed sentence, showing even less likelihood of possible vindictiveness than in *Smith,* where the same judge, after being found to be in error on appeal, was responsible for resentencing.[4] We conclude that under these circumstances, when a defendant's original sentence arises after the admission of sufficient facts and the defendant then is given a greater sentence after trial, no presumption of vindictiveness arises and *Pearce* does not apply.[5]

## IV.

■■■ Lastly, we conclude that, even had we found a presumption of vindictiveness necessitating *Pearce*'s application, the

judge upon resentencing had satisfied those requirements. The judge obviously understood the implications of Mele's enhanced sentence and thus, even though he felt that *Colten* would apply, he was cautious enough to carefully enunciate the reasons underlying his sentencing decision. He spoke of the seriousness of the crime, as well as the fact that Mele had other charges for reckless driving pending against him at the time of the accident. He had the benefit of a full trial to become aware of the details of the accident as well as the personal injuries and property damage caused. He heard from the family of the boy who was killed as well as evidence from a witness on Mele's behalf. Moreover, the record indicated that after his first conviction, Mele had breached the terms of his parole condition to perform community service.[6]

The sentencing judge was not required to do more.[7] *Pearce*'s requirements were es-

---

4. We do not decide, however, Fitchburg's argument that *whenever* a second judge is responsible for resentencing there should arise no presumption of vindictiveness. We are relying on this factor in light of the particular circumstances of this case.

5. That is to say that we do not find it reasonably likely under these circumstances that a judge will be vindictive and therefore, such a presumption is unnecessary to protect defendants in these cases. This holding does not leave defendants helpless to a vindictive judges upon retrial. Actual vindictiveness, if shown, is always actionable under the due process clause. There is, however, no evidence in this case of actual vindictiveness.

6. There is some evidence in the record to indicate that the judge may have in part based his decision on comments made by Mele to his probation officer to the effect that he would continue to drive above the designated speed limit. This information is unnecessary to our disposition of the case and therefore, we need not conclude if it was appropriately before the judge upon resentencing.

7. We reject appellee's argument that a more severe sentence can only be imposed because of acts, enumerated for the record, occurring by the defendant after the original sentence. In *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the Court reviewed a case in which a jury had originally sentenced a defendant, who was then retried after the origi-

nal judge granted a motion for new trial. The same judge, who presided over the second trial, sentenced defendant to a greater sentence, relying in large part on additional evidence that came out at the second trial, indicating the true extent of defendant's involvement in the crime. Although the Court held that *Pearce* did not apply, it also specifically held that, if applicable, *Pearce*'s requirements would have been met. The Court explained that the language in *Pearce* stating that a judge upon resentencing must state "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," *Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081 "was never intended to describe exhaustively all of the possible circumstances in which a sentence increase could be justified." *McCullough,* 475 U.S. at 141, 106 S.Ct. at 980. The Court continued that such a restrictive rule would lead under some circumstances to "absurd results." *Id.* The Court concluded that *any* objective information could justify the increased sentence. *Id.* at 142–43, 106 S.Ct. at 980–81.

In this case, the second judge was in the position of discovering much more information at trial, because the first conviction followed defendant's admission of sufficient facts. The details of the accident were stated by the judge as part of the reasoning for the sentence, as well as evidence presented by one of Mele's witnesses and the deceased's family. The findings presented by the judge clearly constitute objective information justifying the increased sentence.

tablished so that appellate courts, upon review, could have a record on which to ensure that the reasons underlying an enhanced sentence were legitimate. This goal is here satisfied. "Rules ... are devised to promote the ends of justice, not to defeat them." *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

*Reversed.*