In re Joseph J. LAVITA, Debtor.

**FLEET BANK OF MASSACHUSETTS,
Plaintiff,**

v.

**Joseph J. LAVITA, Defendant.**

**Bankruptcy No. 91–13245.
Adv. No. 91–1363.**

United States Bankruptcy Court,
D. Massachusetts.

Jan. 15, 1993.

Maria C. Moynihan, Danvers, MA, for plaintiff.

Kathryn S. Ragan, Boston, MA, for defendant.

## MEMORANDUM

JAMES A. GOODMAN, Chief Judge.

### I. INTRODUCTION

The matter before the Court is a Motion for Reconsideration filed by Fleet Bank of Massachusetts (the "Bank"). The Bank is asking the Court to reconsider an order. That order vacated a previous order that allowed its motion for summary judgment. The Court conducted a hearing on the Bank's Motion for Reconsideration on October 1, 1992. The Court made certain findings and directed the parties to file briefs on the issue of the effect an admission to sufficient facts and findings of guilt entered in a criminal proceeding have on the dischargeability complaint filed by the Bank against Joseph J. LaVita (LaVita or the "Debtor"). The Court hereby allows the motion for reconsideration and makes the following findings of fact and rulings of law with respect to the Bank's motion for summary judgment.

## II. FACTS

The Debtor filed a voluntary petition under Chapter 7 on April 17, 1991. The Bank timely filed a complaint to determine the dischargeability of a debt in the amount of $18,200.00 pursuant to 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.[1]

On May 23, 1990, in the Lynn Division of the Massachusetts District Court Department of the Trial Court for Essex County located in Lynn, Massachusetts, the Debtor admitted to sufficient facts on state criminal charges of uttering a forged instrument and of larceny of property over $250. The state court entered findings of guilty on both charges.

## III. DISCUSSION

### A. The Positions of the Parties

The Bank argues that the admission to sufficient facts on the larceny and uttering charges and the district court's findings of guilt establish the facts necessary for a finding of nondischargeability pursuant to 11 U.S.C. § 523(a)(4). The Bank maintains that by admitting to sufficient facts the Debtor admitted that were the Commonwealth to proceed to trial on these charges it would have evidence sufficient to prove the Debtor guilty of uttering and larceny. *See generally* Massachusetts Rule of Criminal Procedure 12(a)(3); District Court Department Supplemental Rule of Criminal Procedure for District Court Criminal Cases in Essex and Hampden Counties 3. In short, the Bank contends that collateral estoppel prevents the Debtor from now challenging the dischargeability of his debt to the Bank.

The Debtor contends that only a plea of guilty, or a trial on the merits, can preclude litigation of the dischargeability issue. He argues that pursuant to Mass.R.Crim.P. 12(a)(3), upon a plea to sufficient facts, the state court may enter a guilty finding or continue the case without a finding. In the Debtor's view, if the court had not found him guilty but instead continued his case without a finding, the plea to sufficient facts could not be considered the same as a guilty plea.

He further argues that a defendant has no more power over the findings of the court than he would if the case were actually litigated. He also cites a subsection of the rule that provides as follows:

*Factual Basis for Charge.* A judge shall not accept a plea of guilty or admission unless he is satisfied that there is a factual basis for the charge. The failure of the defendant to acknowledge all of the elements of the factual basis shall not preclude a judge from accepting a guilty plea or admission....

Special Rule of Crim.P. for Dist.Ct.Crim. Cases in Essex and Hampden Counties 12(c)(5)(A).

The Court is unable to fathom how these arguments support the Debtor's position. Obviously, the state court judge was satisfied when it entered guilty findings that there was a factual basis for the Commonwealth's charges based upon LaVita's admission to sufficient facts.

The Debtor hangs his hat on a supposed distinction between admitting to sufficient facts so that if the Commonwealth were to go to trial it could establish the facts necessary to prove him guilty of the uttering and larceny charges and admitting to the truth of the facts admitted. The Court finds this is a distinction without a difference.

### B. Admissions to Sufficient Facts in General

■ There are usually two reasons for a defendant to admit to sufficient facts: 1) to test the waters as to the severity of any sentence he or she might receive; or 2) to secure a continuance without a finding in the hope that the complaint will eventually be dismissed. *Commonwealth v. Garcia*, 23 Mass.App.Ct. 259, 266, 501 N.E.2d 527

---

**1.** Section 523(a)(4) provides in relevant part: (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—...

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.
11 U.S.C. § 523(a)(4).

(1986). *See also* 30 Kent B. Smith, *Criminal Practice and Procedure* § 1202 (1983).

In *Commonwealth v. Duquette*, 386 Mass. 834, 438 N.E.2d 334 (1982), the defendant pleaded not guilty but admitted to sufficient facts to warrant a guilty finding. The judge continued the defendant's case without a finding subject to the defendant's fulfillment of certain conditions. The defendant failed to fulfill the conditions and was eventually convicted and sentenced. The Supreme Judicial Court agreed with the Commonwealth that Duquette's admission to sufficient facts constituted a valid basis for conviction because it amounted to a change of plea from not guilty to guilty. *Id.* at 841, 438 N.E.2d 334. However, the court held that such a plea could not be accepted without an affirmative showing that the defendant acted voluntarily and understood the consequences of the plea. *Id.*

The Supreme Judicial Court in *Duquette* shed light on what it described as "two less clearly defined aspects of District Court practice, the 'continuance without a finding' and the 'admission to sufficient facts.'" 386 Mass. at 837, 438 N.E.2d 334. The court stated the following:

> Under the practice known as "continuing without a finding," a District Court judge continues a case for a lengthy period of time without making a finding of guilty. The judge may impose certain conditions on the defendant. At the end of the designated period, if the defendant has complied with the conditions of the continuance the case is dismissed. *Rosenberg v. Commonwealth*, 372 Mass. 59, 63 n. 5 [360 N.E.2d 333] (1977). *Commonwealth v. Eaton*, 11 Mass.App. Ct. 732 [419 N.E.2d 849] (1981). K.B. Smith, Criminal Practice and Procedure § 728 (1970). Compare Model Code of Pre–Arraignment Procedure § 320.- 5(1)(b), (c) and (d) (1975). Apparently these continuances are often granted when the defendant has pleaded not guilty, although some judges insist on a guilty plea. K.B. Smith, *supra*....

> \*    \*    \*    \*    \*    \*

An "admission to sufficient facts" or "submission to a finding" means an admission to facts sufficient to warrant a finding of guilty. K.B. Smith, *supra* at § 759 (Supp.1979). The use of this procedure in jury-waived sessions of the District Court is authorized by Mass. R.Crim.P. 12(a)(3), 378 Mass. 866 (1979), which provides that "[i]n a District Court jury-waived session a defendant may, after a plea of not guilty, admit to sufficient facts to warrant a finding of guilty." It has apparently been assumed that the admission to sufficient facts would be used primarily at the first tier of the District Court system by pre–1979 defendants who wished to obtain as quickly as possible a de novo jury trial at the second tier, see K.B. Smith, *supra* at § 660 (1970); *Ludwig v. Massachusetts*, 427 U.S. 618, 621, 626 [96 S.Ct. 2781, 2783, 2786, 49 L.Ed.2d 732] (1976), and by post–1979 defendants who have waived a jury trial at the first tier but wish to expedite their claim to a de novo jury trial at the second tier, see Reporters' Notes to Mass.R.Crim.P. 12(a)(3), Mass.Ann.Laws, Rules of Criminal Procedure at 202–203 (1979); K.B. Smith, *supra* at § 759 (Supp.1979).

*Id.* 386 Mass. at 837–38, 438 N.E.2d 334.

The court in *Duquette* went on to explain that:

> At the first tier of the District Court system, admissions to sufficient facts may be treated more informally, provided, of course, that the defendant has first made a valid written waiver of his right to an immediate jury trial. See District Court Department Supplemental Rule of Criminal Procedure 2 (effective February 1, 1981). Once the defendant has waived a jury trial, he could choose to admit to sufficient facts as a step in obtaining a continuance without a finding in the case. If he then fails to meet any conditions attached to the continuance, he could be found guilty and sentenced. The important point is that the defendant can still appeal to the jury of six session and obtain a trial de novo. It has long been the rule that " '[t]he appeal from the judgment of the District

Court vacate[s] that judgment, and render[s] immaterial ... all ... errors and irregularities in the proceedings there.'" *Id.* at 846, 438 N.E.2d 334 (citations omitted). According to the court, if the defendant does not appeal, the proceedings have "the finality normally associated with second tier proceedings." *Id.* at 847, 438 N.E.2d 334. *See also Commonwealth v. Mele,* 20 Mass.App.Ct. 958, 480 N.E.2d 647 (1985).

In *Commonwealth v. Mahadeo,* 397 Mass. 314, 491 N.E.2d 601 (1986), the court observed that admissions to sufficient facts are technically not pleas at all. However, the court went on to state that:

> [T]he right of a defendant who admits to sufficient facts in the first session of the District Courts to appeal for a trial de novo in the jury-of-six session is a significant feature distinguishing such an admission from a plea of guilty or nolo contendere. See Reporters' Notes to Mass.R.Crim.P. 12(a)(3), Mass.Ann.Laws, Rules of Criminal Procedure at 202–203 (1979). In our view, however, a first tier admission to sufficient facts accompanied by a failure to appeal for a trial de novo is the functional equivalent of a guilty plea for purposes of G.L. c. 278, § 29D [immigration status].... The failure to take an appeal lends a finality to the resulting judgment of conviction identical to that which attends a conviction entered on a plea of guilty.... This finality is lacking when the option of appealing for a trial de novo remains viable, but once the option is foreclosed a defendant who has admitted to sufficient facts at the jury-waived session is in the same posture as if he had pleaded guilty.

*Id.* at 316–17 (citations omitted). Thus, it is clear that under Massachusetts law an admission to sufficient facts can be the functional equivalent of a guilty plea and can have the same finality in the absence of an appeal.

### C. Collateral Estoppel

With these precepts in mind, the Court turns to the issue of collateral estoppel. For collateral estoppel to apply, the following four conditions must be established: "1) the issue sought to be precluded must be the same as that involved in the prior action; 2) that issue must have been actually litigated; 3) it must have been determined by a valid and binding judgment; and 4) the determination must have been essential to the judgment." *See In re Sestito,* 136 B.R. 602, 604 (Bankr.D.Mass. 1992), *quoting In re Picard,* 133 B.R. 1 (Bankr.D.Me.1991).

By admitting to sufficient facts and allowing guilty findings to enter against him on the uttering charge, LaVita admitted that the Commonwealth could prove that he offered as genuine an instrument, in this case a stolen check, that he knew to be forged with the intent to defraud.[2] Similarly, with respect to the larceny charge, he admitted that the Commonwealth could prove that he made false representations of material fact knowing the statement was false with the intention of inducing reliance and deceiving the Bank.[3]

In *Commonwealth v. Crocker,* 384 Mass. 353, 424 N.E.2d 524 (1981), the court compared uttering and larceny. It indicated that uttering a forged instrument requires use of a forged or altered commercial instrument, while larceny by false pretenses requires permanent taking of property caused by reliance on defendant's false statement. According to the court, uttering does not require actual reliance or

2. M.G.L. c. 267, § 5 provides:
   Whoever, with intent to injure or defraud, utters and publishes as true a false, forged or altered record, deed, instrument or other writing mentioned in the four preceding sections, knowing the same to be false, forged or altered, shall be punished by imprisonment in the state prison for not more than ten years or in jail for not more than two years.

3. M.G.L. c. 266 § 30 provides in relevant part:

   (1) Whoever steals, or with intent to defraud obtains by a false pretence, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another as defined in this section, whether such property of another as defined in this section, whether such property is or is not in his possession at the time of such conversion or secreting, shall be guilty of larceny....

taking. Under bankruptcy law, larceny as used in section 523(a)(4) of the Bankruptcy Code means common law larceny. *See In re Cooper* 125 B.R. 777, 780 (Bankr.N.D.Ill. 1991). Thus, the issues under the state criminal statutes, particularly G.L. c. 266, § 30, and section 523(a)(4) are the same. Accordingly, the first condition for collateral estoppel to apply has been satisfied.

Had LaVita pleaded guilty to the two criminal charges, there would be no question that collateral estoppel would bar him from relitigating the underlying facts. *See In re Cooper, supra.* In this case, the Debtor admitted to sufficient facts for guilty findings to enter. He was represented by counsel at the time he admitted to sufficient facts. He did not assert a right to a jury trial. He did not appeal the guilty findings. The Court finds that although the issues were not actually litigated in the sense that a trial was conducted by the state court judge, LaVita had the opportunity to litigate the issues either initially or by way of an appeal for a trial de novo, but chose not to do so. Under these circumstances, his admission to sufficient facts was the functional equivalent of a guilty plea. *Commonwealth v. Mahadeo, supra. See also Ludwig v. Massachusetts,* 427 U.S. 618, 621, 96 S.Ct. 2781, 2783, 49 L.Ed.2d 732 (1976); *Mele v. Fitchburg Dist. Ct.,* 884 F.2d 5, 9 (1st Cir.1989); *Commonwealth v. Greene,* 400 Mass. 144, 508 N.E.2d 93 (1987); *Commonwealth v. Lewis,* 399 Mass. 761, 506 N.E.2d 891 (1987). Accordingly, the second element required for collateral estoppel has been satisfied.

With respect to the final two conditions, the Debtor has not argued that the judgment was invalid or that a determination of the issues was not essential to the judgment. Consequently, the Court finds that these conditions have been satisfied.

## IV. CONCLUSION

Because all the four conditions set forth in *In re Sestito, supra,* and *In re Picard, supra,* have been satisfied, and there are no material facts in dispute,[4] the matter is ripe for summary judgment in accordance with Federal Rule of Bankruptcy Procedure 7056. Accordingly, the Court allows the Bank's motion for summary judgment and enters judgment in favor of the Bank and against the Debtor.

The foregoing shall constitute findings of facts and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. An appropriate order shall issue.

---

4. The Debtor's argument that his admission to sufficient facts was not an admission to the truth of the facts alleged does not in this Court's view create a genuine issue of material fact.