## COMMONWEALTH vs. JOSEPH CIAMPA.

No. 99-P-1282.

Suffolk. November 8, 2000. - May 4, 2001.

Present: PORADA, LENK, & DUFFLY, JJ.

*Practice, Criminal,* Plea, Record. *Alien.*

In the circumstances of a criminal proceeding in which the defendant, almost six years following his plea, moved pursuant to G. L. c. 278, § 29D, to vacate his conviction and withdraw his guilty plea to a charge of armed robbery, the motion judge correctly determined that the plea judge's statement that it was his usual practice to administer the deportation advisement to all defendants constituted a "record" within the meaning of § 29D and that the statute's nonadvisement presumption no longer applied. [462]

The reconstructed record of a criminal proceeding in which the defendant pleaded guilty to a charge of armed robbery was inadequate to establish that the plea judge gave the deportation advisement mandated by G. L. c. 278, § 29D, where the judge hearing the defendant's motion to withdraw his guilty plea relied solely on a general statement of customary past practice by the plea judge — one that neither stated whether the practice was in place on the relevant date nor specified that it was the judge's practice to give all three required warnings. [462-463]

Statement of what is required to determine, on the basis of a reconstructed record, that the judge who heard a criminal defendant's plea of guilty gave the deportation advisement mandated by G. L. c. 278, § 29D, at the defendant's hearing. [463-464]

INDICTMENT found and returned in the Superior Court Department on June 24, 1982.

A motion to vacate judgment, filed on April 15, 1999, was heard by *Elizabeth B. Donovan,* J.

*Michael J. Traft* for the defendant.

*Christopher Pohl,* Assistant District Attorney, for the Commonwealth.

DUFFLY, J. We are again asked to consider whether a defendant's claim that he was not given the required "alien warnings" pursuant to G. L. c. 278, § 29D, at a plea hearing,

can be met with a reconstruction of the record consisting of a statement by the hearing judge that it was his standard practice to give the warnings.

On February 25, 1983, a judge of the Superior Court accepted Ciampa's guilty plea to a charge of armed robbery, for which he received a suspended sentence and two years' probation. In November, 1998, the Immigration and Naturalization Service initiated deportation hearings against Ciampa, a citizen of Italy, who at that point had been living in the United States for thirty years. Ciampa filed motions to withdraw his guilty plea and vacate the judgment, and for a new trial.

The transcript of the disposition hearing was destroyed pursuant to Supreme Judicial Court Rule 1.12, 382 Mass. 717 (1981) (all obsolete papers may be destroyed after six years), and Ciampa's attorney was unable to reconstruct the stenographic record.[1] In connection with the hearing on Ciampa's motions, he submitted his affidavit and that of his plea counsel, in which both asserted that no alien warnings had been given to him. The Commonwealth submitted the affidavit of the plea hearing judge, who had since retired, in which he set forth his customary practice.[2]

In her memorandum of decision, the motion judge noted the

---

[1] In his affidavit, Ciampa's attorney states, in this regard, that "(2) Elizabeth MacKay was the court stenographer on the above referenced case on February 25, 1983; (3) Elizabeth MacKay passed away in August 1987; (4) I contacted the Suffolk County Superior Court Criminal Clerk['s] Office to determine if there was a stenographic record of the plea colloquy of February 25, 1983; there was none; (5) I contacted Mary Stanton, Supervisor of the Court Reporters for Suffolk County Superior Court to determine if there was a stenographic record of the plea colloquy of February 25, 1983; there was none; (6) I contacted John O'Brien of O'Brien & Levine Court Reporters to determine if there was a stenographic record of the plea colloquy of February 25, 1983; Elizabeth MacKay was unknown to him and he had no knowledge of a stenographic record; (7) I contacted former Assistant District Attorney Steven E. Casey who handled the above referenced case and [he] stated that he had no memory as to the Alien Warning being given to Joseph Ciampa on February 25, 1983; (8) No stenographic record exists of the above referenced case on February 25, 1983; (9) The docket sheet on the above referenced case does not indicate that the Alien Warning was given to the defendant on February 25, 1983."

[2] The judge's affidavit states that "[w]hile I have no specific recollection of this particular defendant, it was my custom and practice to administer the alien warning to defendants who offered to plead guilty, as mandated by G. L.

absence in the docket entry of any reference to alien warnings, finding that "[o]nly recently did the court begin using a notation in the record that the alien warning was given." She did not credit the affidavits of Ciampa and his counsel.[3] Relying on the hearing judge's statement that he "administered the alien warning as a matter of routine when accepting guilty pleas," the motion judge found that a record existed, and, on this basis, concluded "that [the plea judge] had advised the defendant as required by G. L. [c.] 278, § 29D."[4]

The disposition of motions to vacate judgment and for a new trial is left to the sound discretion of the motion judge, see *Commonwealth* v. *Albert A., a juvenile,* 49 Mass. App. Ct. 269, 270 (2000); see also *Commonwealth* v. *Smith,* 381 Mass. 141, 142 (1980), and will not be overturned unless there has been an abuse of discretion or other significant error of law. *Commonwealth* v. *Stote,* 433 Mass. 19, 22 (2000). However, "[a] motion to vacate the judgment pursuant to G. L. c. 278, § 29D, is different in kind" and must be allowed if the warnings were not given and "on a showing that the criminal conviction at issue may have any of the enumerated consequences to the defendant's immigration status; the judge has no discretion in that regard." *Commonwealth* v. *Mahadeo,* 397 Mass. 314, 318-319 n.5 (1986). We thus consider, in the light of recent decisions illuminating the issues, whether the motion judge correctly determined that the plea judge's statement of past practice constitutes a record of the advisement, and if so, whether the

c. 278, § 29D. Because it was impossible [for me] to know the immigration status of the defendants who appeared before me, and because G. L. c. 278, § 29D, required that I provide the alien warning, I administered the alien warning as a matter of routine when accepting guilty pleas."

[3]Plea counsel's affidavit states, "The defendant was not advised of his Alien Warning pursuant to M.G.L. c. 278 sec. 29D during the plea colloquy." The affidavit sets forth no foundation for his recollection, such as a contemporaneous writing or the occurrence of an unusual event that plausibly would have caused the details of the hearing to be fixed in his mind. It was thus within the discretion of the motion judge to conclude, as she did, that it was "disingenuous for trial counsel to claim 16 years after the fact that defendant did not receive his warning."

[4]Section 29D provides, in relevant part the following: "Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

statement adequately establishes that the plea judge gave the advisement as required under c. 278, § 29D.

*The record.* A defendant is entitled to have his conviction vacated if, at the time of his guilty plea, the judge fails to warn him of the three immigration consequences of his conviction. See *Commonwealth* v. *Soto,* 431 Mass. 340, 342 (2000); G. L. c. 278, § 29D. See also note 1, *supra.* The burden is on the Commonwealth "to provide a record of the proceedings affirmatively demonstrating that the defendant was advised that his plea might impair his immigration status." *Commonwealth* v. *Mahadeo,* 397 Mass. at 318. The Commonwealth retains this burden regardless of the amount of time that has passed between the defendant's conviction and his motion to withdraw his guilty plea. *Commonwealth* v. *Jones,* 417 Mass. 661, 664 (1994). Where there is no record that the court provided the required advisement, the presumption arises that no warning was given. *Commonwealth* v. *Pryce,* 429 Mass. 556, 558 (1999).

In *Commonwealth* v. *Rzepphiewski,* 431 Mass. 48, 53 (2000), the court held that "a reconstructed record of a plea hearing satisfies the 'record' requirement of G. L. c. 278, § 29D." There, a "docket sheet indicating that . . . the defendant admitted to sufficient facts after a hearing [before the motion judge who was the same judge who had accepted the admission], coupled with the judge's decision on the motion, which recalled specific details of the defendant's plea hearing and relied on the judge's customary practice of including the deportation advisement in a plea colloquy, suffice[d] to reconstruct 'a record that the court provided the [deportation] advisement' at the plea hearing." *Id.* at 54-55. See *Commonwealth* v. *Pryce,* 429 Mass. at 558 (notation on the docket sheet indicating that hearing took place constitutes record); *Commonwealth* v. *Podoprigora,* 46 Mass. App. Ct. 928, 929 (1999) (docket sheet containing check mark on box entitled "advised of alien rights," qualifies as a record). We therefore conclude that the plea judge's statement that it was his usual practice to administer the warnings to all defendants, constitutes a "record" within the meaning of G. L. c. 278, § 29D, and that the presumption no longer applies.

We now consider whether what was before the motion judge "adequately establishes that the judge gave the [requisite] advisement." *Commonwealth* v. *Rzepphiewski,* 431 Mass. at 55.

*Adequacy of record.* Here, the motion judge relied solely on a general statement of customary past practice — one that neither states whether the practice was in place on the date here relevant nor specifies that it was the judge's practice to give all three warnings — to establish that the advisement was given. Our courts have not previously held that such a statement suffices, without more, to establish that the requisite three warnings were administered. Thus, for example, in *Commonwealth* v. *Pryce*, 429 Mass. at 558, it was sufficient to establish that the warnings had been given where the docket sheet notation indicated that the plea hearing had occurred because (1) the motion judge stated that he knew the notation "indicate[d] that the defendant did receive the required immigration warnings," and (2) "contemporaneous court records involving other charges against this [particular] defendant" showed that the alien warnings were twice given, thereby ensuring that the defendant was "aware that his conviction could result in his deportation." Also, in *Commonwealth* v. *Rzepphiewski*, 431 Mass. at 54-55, it was sufficient where the motion judge, who was also the plea judge, recalled specific details of the defendant's plea hearing and stated that it was his customary practice to include the deportation advisement in a plea colloquy. Because he was also the plea judge, that judge was "in a superior position to assess the credibility of the defendant's claim" that he had not received the warnings.

To determine, on the basis of a reconstructed record, "that the judge gave the [three alien warnings] mandated by statute at the defendant's hearing," *Commonwealth* v. *Rzepphiewski*, 431 Mass. at 55, we think that more than a general statement of past practice and a docket entry that does not indicate that the warnings were administered, is required. To constitute a record adequate to support a finding that the warnings were given, a judge's statement of past practice must include the following information: (a) that it was the customary practice of the plea judge to administer the warnings; (b) when the customary practice was instituted and whether it was in effect at the time of the hearing; (c) that the advisement consisted of all three warnings, given conformably with the language set forth in G. L. c. 278, § 29D; and (d) that the advisement was given to

all defendants. In the absence of such a specific statement of past practice, a finding that the warnings were given may be based on a record, such as a docket entry, that consists of an essentially contemporaneous writing created by a manifestly percipient witness to the colloquy, or by some other person charged with responsibility for keeping the proceeding's records, demonstrating that all three components of the warnings were given. A reconstituted record that fails to meet each of the foregoing requirements may nevertheless suffice to establish that alien warnings were given if a record of substantially contemporaneous criminal proceedings reflects that the defendant had been apprised of the alien warnings in the course of those proceedings.

We reverse the order denying the motion for a new trial and remand for further proceedings so that the foregoing factors may be taken into account.[5]

*So ordered.*

---

[5]We are mindful that the plea judge's statement comes close to satisfying the requirements we have enumerated, and do not preclude the introduction of an amended statement, if one is available, at the proceedings on remand.