**Servilio VALDEZ, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 05–CO–435.

District of Columbia Court of Appeals.

Argued June 7, 2006.

Decided Aug. 31, 2006.

John L. Machado for appellant.

Barry Wiegand, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney, and Roy W. McLeese III, Thomas J. Tourish, Jr., and Michael A. Columbo, Assistant United States Attorneys, were on the brief, for appellee.

Before WASHINGTON, Chief Judge, and REID, Associate Judge, and KING, Senior Judge.

KING, Senior Judge:

Servilio Valdez pleaded guilty to two burglary related charges on May 1, 1989. Almost fifteen years later, he moved to withdraw his guilty plea claiming that he had not been advised of the immigration consequences of pleading guilty, as required by D.C.Code § 16–713 (2001) at the time of his plea. The United States Attorney was not asked to submit a response.[1] The Superior Court denied the motion after Valdez failed to substantiate his claim that the warnings were not given. Valdez challenges this ruling, contending that because the transcripts of the plea proceedings have been destroyed, there is no official record that the warnings were given; therefore, the plain language of D.C.Code § 16–713 requires the withdrawal of his

---

1. During oral argument, we were informed by counsel for the government of the policy of the Superior Court that the office of the United States Attorney ordinarily is not required to respond to a motion to withdraw a guilty plea unless the Superior Court requests such a response. *Cf.* D.C.Code § 23–110(c) (2001) ("Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority...."); Super. Ct.Crim. R. 118(c) ('In the event the motion is not denied [based on the face of the motion] the court shall order the prosecution to file a response....' ").

guilty plea. We reverse and remand for further proceedings.

## I.

In May 1989, Valdez was charged with first-degree burglary and first-degree theft for entering a residence and stealing approximately $1000 of electronic equipment the previous December. He waived his right to trial that same month,[2] and entered pleas of guilty to second-degree burglary and second-degree theft. The Superior Court sentenced him to a term of five to fifteen years on the burglary charge, but suspended the sentence; he was sentenced to time served on the theft charge. He apparently completed his term of probation successfully in November 1993.

On March 24, 2004, Valdez, through new counsel, filed a motion to withdraw his guilty plea, arguing that he had not received the required statutory warnings and that the unavailability of transcripts of the plea proceeding entitled him to withdraw his plea. He further asserted that, at the time the motion was filed, he was facing deportation proceedings, "due in part to his conviction in [this] case." A trial judge issued an order allowing Valdez 45 days in which to submit additional support, such as an affidavit from his prior counsel, to substantiate his claim that he had not received the statutory warnings. When Valdez failed to do so, Judge Boasberg denied his motion.

## II.

 Pursuant to the routine practice of Superior Court to destroy records more than ten years old, including the transcript of the plea proceedings, Valdez's file was destroyed before he filed his motion in the

trial court. Valdez makes no claim that the records were destroyed improperly, however, he asserts that the lack of an official record of the plea proceedings automatically triggers the statutory presumption. The applicable statute, D.C.Code § 16–713(a), which was enacted in March 1983–more than six years before Valdez entered his guilty plea—provides:

Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime, the court shall administer the following advisement on the record to the defendant: "If you are not a citizen of the United States, you are advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

The statute further provides that

If the court fails to advise the defendant as required by subsection (a) and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by subsection (a), the defendant shall be presumed not to have received the required advisement.

D.C.Code § 16–713(b). We are required to give effect to a statute's plain meaning if the words are clear and unambiguous.

---

2. The abbreviated record shows that Valdez and his attorney, Page Kennedy of the Public Defender Service, both executed the trial waiver form.

*See Office of People's Counsel v. Public Serv. Comm'n,* 477 A.2d 1079, 1083 (D.C. 1984). "The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used." *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 753 (D.C.1983). Furthermore, "in examining the statutory language, it is axiomatic that 'the words of the statute should be construed according to their ordinary sense and with the meaning commonly attributed to them.'" *Id.* (quoting *Davis v. United States,* 397 A.2d 951, 956 (D.C.1979)).

Subsection (b) makes clear that the court may withdraw a guilty plea, only after a defendant sets forth in his withdrawal motion that (1) the court failed to give the required warnings, *and* (2) "conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from the United States, or denial of naturalization." In short, the plain language of the § 16–713(b) permits the withdrawal of a plea only after a defendant states that the trial court failed to give the required warnings and, that because of this failure, he or she has experienced one of the enumerated adverse immigration consequences. Thus, we reject Valdez's claim that once these showings have been made along with a showing that there are no transcripts or official record of the plea proceedings, he is automatically entitled to withdraw his plea.

■ We begin our analysis by noting that the language of the statute does not require the production of an "official" rec-

ord, a "verbatim" record, a "transcript of the plea proceeding" or the "Superior Court" record. Rather, the statute simply requires the production of "a record" that the warnings were given.[3] D.C.Code § 16–713(b). Our interpretation of the statute's requirement of "a record" rather than an "official record" is consistent with our construction of subsection D.C.Code § 16–713(a). In several cases, we have addressed the question of whether the Superior Court provided adequate warnings under the statute when the language used by the court deviated from that of the statute. *See, e.g., Daramy v. United States,* 750 A.2d 552 (D.C.2000). In those cases, we emphasized that one is not permitted to withdraw a guilty plea simply because the trial court "deviated from the script." Rather, we read the subsection (a) to require "substantial compliance" from the Superior Court, ensuring that the defendant was sufficiently on notice of the immigration consequences of admitting guilt. *See Slytman v. United States,* 804 A.2d 1113 (D.C.2002).

This notion of "substantial compliance" is also consistent with our precedent concerning missing or destroyed court records. We have previously recognized that a reconstructed record or "substitute statement" of a plea or trial proceeding may suffice for purposes of appellate review where contemporaneous records became unavailable through no fault of the government. *See, e.g., Cole v. United States,* 478 A.2d 277 (D.C.1984); *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111–12 (D.C.1982); *see also* D.C.App. R. 10(d) (Supp.2004). Thus, in *Cole,* we observed that

---

3. We agree, however, that the burden shifts to the government to demonstrate that the warnings were in fact given once the defendant has complied with the requirements of subsection (b). On this point the statute provides: "Ab-

sent a record that the court provided the advisement ... the defendant shall be presumed not to have received the required warnings." D.C.Code § 16–713(b).

[I]n cases where there is an incomplete transcript and appellant claims that a specific trial court error merits reversal, this court will not consider the substance of the appellant's representations about the alleged error, unless the transcript supports those representations or the appellant has made efforts to supplement the record....

*Cole v. United States, supra,* 478 A.2d at 284 (internal citation omitted). However, we cautioned that in order for there to be meaningful appellate review, "we must examine the methods of supplementing the record on appeal as a means of mitigating the negative effects of a missing or incomplete transcript." *Id.* at 283.

Although we have not yet had the occasion to determine whether a reconstructed record would constitute "a record" that the required warnings were given, courts in Massachusetts have addressed this issue and concluded that a reconstructed record will suffice.[4] In *Commonwealth v. Rzepphiewski,* 431 Mass. 48, 725 N.E.2d 210 (2000), a defendant seeking to withdraw

his plea submitted an affidavit, in which he averred that (1) he was an alien at the time he plead guilty,[5] (2) he did not receive the requisite statutory warnings at that time, and (3) no transcript of the proceeding was available. *Id.* at 213. The Supreme Judicial Court of Massachusetts read the statute to require only that some kind of "a record" that the statutory warnings were given was required, rejecting the defendant's contention that the lack of an official record that the required warnings were given triggered the statutory presumption.[6] *Id.* at 214. The Massachusetts court further determined that such "a record" may be reconstructed through testimony or other proof of what occurred in court when the defendant admitted guilt. *Id.* at 215. Thus, the court concluded that the docket sheet, in conjunction with the judge's recollection of what took place during the defendant's plea hearing[7] sufficed to reconstruct a record that the required warnings was given. *Id.* Accordingly, the Massachusetts court affirmed the denial of the defendant's motion to withdraw his plea. *Id.* at 216.

**4.** The Massachusetts statute, which is virtually the same as our statute, requires that warnings essentially identical to those required by our statute be given to those pleading guilty. It also contains a presumption in favor of the withdrawal of a plea, absent a record that the required warnings were given. The statute provides in relevant part:

> The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advised such defendant of the following: If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization.... Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.

MASS. GEN. LAWS ch. 278, § 29D (2004) (internal quotations omitted).

**5.** In that case the defendant did not aver that his status as an alien at the time he entered the guilty plea remained unchanged at the time he filed the motion, raising a question of whether he adequately demonstrated that this guilty plea may have led to adverse immigration consequences. However, the Massachusetts court assumed without deciding that the defendant admitted to sufficient facts thereby triggering the statutory presumption. *Rzepphiewski, supra,* 725 N.E.2d at 212.

**6.** As in this case, the transcript of the plea proceeding in *Rzepphiewski* had been destroyed pursuant to court rule. *Id.* at 212.

**7.** The motions judge, who was the same judge who received the defendant's plea, concluded that based on his notes of the plea proceeding and his practice in such circumstances, that he had no "reason to believe that the 'alien warning'" was not given. *Id.* at 214.

Similarly, in *Commonwealth v. Ciampa*, 51 Mass.App.Ct. 459, 747 N.E.2d 185, 187 (2001), the Massachusetts appeals court held that a non-contemporaneous record that the statutory warnings were given would suffice under the statute. In that case, the defendant and plea hearing counsel averred that the requisite warnings were not given, and that efforts to reconstruct a record of the proceedings had been unsuccessful. *Id.* at 188. The government countered with an affidavit of the plea judge in which he stated that it was his "custom and practice to administer the alien warning to a defendant who offered to plead guilty." *Id.* at 188 n. 2. Citing *Rzepphiewski,* the appeals court concluded that a reconstructed record, consisting of a judge's affidavit, would be a sufficient record to support a finding that the statutory warnings were given. The court required, however, that the following details appear in the affidavit: (1) that it was the usual custom of the plea judge to administer the warnings; (2) when the custom was instituted and whether it was in effect at the time of the plea hearing; (3) that the warnings substantially conformed with the statutory language; and (d) that the warnings were given to all defendants. *Id.* at 190. Accordingly, the court remanded the case for further proceedings "so that the foregoing factors could be taken into account." *Id.*

▪ We agree with the Massachusetts courts that even without a contemporaneous formal record of a plea proceeding, there are other acceptable ways to establish that the warnings were given. An affidavit from the judge who accepted the plea which contained necessary details would be more than adequate. In other circumstances, an affidavit from a courtroom clerk, law clerk, attorney or some other responsible person with knowledge of the circumstances may also be sufficient. *See Turberville v. United States,* 112 U.S.App.D.C. 400, 407, 303 F.2d 411, 418 (1962) (applying the presumption of regularity where government offered evidence in form of detective's testimony that appellant was advised of his right to silence, contrary to Tuberville's assertions).

▪ With these principles in mind, we review the record to determine whether Valdez's motion satisfied the statute's minimum requirements, therefore triggering the government's burden to establish a record that the warnings were given. Valdez's motion consists of representations that (1) he did not receive the required warnings from either the court or his attorney; (2) transcripts of the plea proceeding had been destroyed; and (3) he faced possible deportation, in part, as a result of this conviction. First, we note that while these representations were made in the motion, they were not submitted by a sworn affidavit. Second, these representations failed to make clear whether Valdez was an alien at the time he plead guilty, and, if he was in fact an alien, his status remains unchanged today.[8] Under the plain language of subsection (b), Valdez failed to aver sufficient preliminary facts to trigger the statutory presumption.

8. At oral argument, the Assistant United States Attorney informed the court that Valdez cannot be subject to one of the adverse immigration consequences enumerated in the statute because he entered the country as part of the Mariel exodus. During the early 1980s, Cuban authorities offered its criminals the option of remaining in prison or traveling to the United States. Those who chose the latter option and traveled to the United States as part of the exodus are no longer welcome to return to Cuba. We express no view on whether these claims are accurate or whether they would bear upon the question of whether the plea should be withdrawn.

Accordingly, we remand the case to the trial court to afford Valdez the opportunity to set forth facts, by sworn affidavit, indicating that (1) he did not receive the required warnings, (2) he was an alien at the time he pleaded guilty and his status remains unchanged, and (3) the admissions made during the plea hearing, at least in part, have resulted in one of the enumerated adverse immigration consequences. Should Valdez establish these facts, the burden would shift to the government to put forth a record consistent with those described in *Rzepphiewski* or *Ciampa* that the warnings were in fact given.[9]

*So ordered.*

---

**9.** As was the case in *Slytman, supra,* 804 A.2d at 1118, we express no view on whether Valdez's delay in bringing this motion may serve as an independent basis for its denial.