COMMONWEALTH vs. ROBERT R. HASKELL.

No. 08-P-2012.

Essex. December 17, 2009. - February 19, 2010.

Present: CYPHER, DREBEN, & MEADE, JJ.

*Practice, Criminal,* Plea, Record, Affidavit. *Constitutional Law,* Plea. *Judge.*

In proceedings arising from a criminal defendant's motion to vacate his pleas
    of guilty, in which the defendant alleged that the District Court judge who
    had accepted the pleas twenty years earlier did so without the benefit of a
    colloquy, an affidavit from the now-retired District Court judge could serve
    to reconstruct the record of the plea proceeding; where the defendant's
    submissions, which included recycled affidavits that employed identical
    stock phrases and allegations, did not rebut the presumption of regularity
    of the plea proceeding as so reconstructed, the motion judge did not err in
    denying the defendant's motion to vacate. [289-295]

COMPLAINT received and sworn to in the Salem Division of the
District Court Department on March 16, 1987.

Following a plea of guilty, a motion to withdraw the plea and
for a new trial, filed on December 11, 2007, was heard by
*Robert A. Cornetta,* J.

*Debra A. DelVecchio* for the defendant.

*Kenneth E. Steinfield,* Assistant District Attorney, for the
Commonwealth.

MEADE, J. More than twenty years after admitting to sufficient
facts to warrant his conviction of operating while under the influ-
ence of liquor and operating a motor vehicle negligently so as to
endanger,[1] the defendant moved to vacate his pleas based on his
claim that the judge who accepted them did so without the benefit
of a colloquy. The record of the proceeding no longer exists and

---

[1]The defendant also admitted to sufficient facts to warrant a finding of
responsible for the civil motor vehicle infraction of failing to stop at a stop sign.

Justice David T. Doyle, who accepted the plea, has retired (plea judge). The motion was denied, and we affirm, albeit on grounds different from those relied on by the motion judge. See *Commonwealth* v. *Va Meng Joe*, 425 Mass. 99, 102 (1997). In so doing, we determine that an affidavit from a retired judge may serve to reconstruct the record of a plea proceeding over which he presided, and that the defendant's submissions did not rebut the presumption of regularity of the plea proceeding as reconstructed.

1. *Background.* On March 16, 1987, the defendant was charged by complaint in the Salem Division of the District Court Department with the motor vehicle offenses already mentioned. At his arraignment the next day, the defendant, represented by counsel, pleaded not guilty and executed a waiver of his right to an initial jury trial.[2] On April 16, 1987, the defendant appeared before the plea judge, and admitted to sufficient facts to the three counts in the complaint. The plea judge accepted the plea and found the defendant guilty of operating while under the influence of liquor and sentenced him to one year of probation. The negligent operation charge was continued without a finding for six months, and the civil infraction of failure to stop was placed on file at the Commonwealth's request. The defendant's probation terminated on April 25, 1988. The tape recording of the April 16, 1987, proceeding no longer exists.

In December, 2007, the defendant moved for a new trial and to withdraw his 1987 guilty plea based on his claim that the plea judge did not conduct a colloquy to ascertain whether the defendant understood the elements of the charged offenses and whether his admission was voluntary and intelligent. The motion noted that the defendant sought a new trial because the Registry

---

[2]At the time, a defendant had a right to a trial by a District Court jury of six, or he could waive that right and elect to be tried before a judge of the District Court. A defendant who waived his first instance jury trial and was found guilty could nonetheless appeal to the District Court jury-of-six session. There he would be tried de novo before a jury unless he again waived that right and elected to be tried by a second judge. See *Commonwealth* v. *Duquette*, 386 Mass. 834, 836-837 (1982). The two-tier trial de novo system was eliminated in 1992, and that elimination became effective as to cases tried after January 1, 1994. See *Commonwealth* v. *Pyles*, 423 Mass. 717, 721 & n.4 (1996); St. 1992, c. 379, § 193.

of Motor Vehicles was using his 1987 conviction "as a factor in suspending his driver's license for four years."

In support of his motion for new trial, the defendant submitted his own affidavit, as well as those of his plea counsel, Norman A. Erlich, and Stuart I. Rosnick, an attorney who practiced law in Salem. In his own affidavit, the defendant averred basic facts that supported his claim that the plea judge did not conduct a colloquy with him prior to accepting his admission to sufficient facts. He further averred as follows:

> "When I appeared before [the plea judge] that day, *I was very nervous and everything was happening very fast. I did not understand everything that was happening, except that I did understand the punishment that I was to receive.* My appearance before [the plea judge] took just a few minutes.
>
> "*I do not recall nor do I believe* that the judge spoke with me about the elements of the criminal charges . . . or about whether my plea was freely and voluntarily given. In particular, I was not asked about any promises or threats related to my admission.
>
> "In addition, *I do not recall nor do I believe* that the judge had a conversation with me about my age, education, mental health, medications, or whether I was under the influence of drugs or alcohol that day.
>
> "The judge did not review my Constitutional rights with me during my plea hearing to ensure that I understood my jury trial right and the other Constitutional rights that I was giving up by offering my plea. In particular, *I do not recall and believe* that the judge and I did not discuss my right against compulsory self-incrimination, my right to confront my accusers with my attorney's assistance, and the prosecution's burden of proof as to the criminal charges brought against me" (emphases supplied).

In his affidavit, Rosnick stated that although he did not represent the defendant, he had practiced law in the Salem area since 1973, and had "appeared before [the plea judge] on hundreds of occasions." Rosnick averred that prior to the introduction of

"green sheets" in 1996,[3] "it was not [the plea judge's] practice to conduct full and complete colloquies." Rather, he claimed that "[the plea judge's] practice was to inquire only as to the terms of the plea, and whether the parties" agreed on sentencing. Rosnick further claimed that in July of 2005, he filed a motion for new trial in another case involving a plea accepted by the plea judge in August of 1987. In connection with that case, he spoke with "more than five attorneys who regularly practiced before [the plea judge]" between 1985 and 1990, none of whom could recall a single occasion prior to "1990 when [the plea judge] had a dialogue with a defendant to ascertain the accused's understanding of his or her Constitutional rights, and whether that person's waiver of rights was voluntary and intelligent."

In his affidavit, Erlich, who represented the defendant at the 1987 plea hearing, averred only that he had no "specific memory" of the pleas, was unable to recall any other occasion on which he attended a change-of-plea hearing in front of the plea judge, and was thus unable to comment on the plea judge's "customary sentencing practices in 1987."

In its opposition to the motion for new trial, the Commonwealth argued that given the defendant's lengthy delay, he failed to rebut the presumption of regularity, and that as reconstructed by the affidavit from the plea judge, the defendant's admission was both voluntary and intelligent. In support of its opposition, the Commonwealth submitted an affidavit from the plea judge,[4] which stated in pertinent part:

> "I do not remember this case. Even so, I can attest that at the time I was aware of my obligation to conduct a colloquy with a defendant to determine whether his plea or admission to sufficient facts was knowing, voluntary and intelligent, and to inform him of certain rights. After *Duquette*[5] was decided, in 1982, it was my customary practice,

---

[3]A green sheet is a form "promulgated pursuant to Rule 4 of the District/Municipal Court Rules of Criminal Procedure and used to tender a plea under the procedures set forth in G. L. c. 278, § 18." *Commonwealth* v. *Peterson*, 51 Mass. App. Ct. 779, 782 n.6 (2001).

[4]Prior to his retirement in 1998, the plea judge had served as Special Justice, Associate Justice, and Acting First Justice of the Salem Division of the District Court Department over a thirty-four year period.

[5]*Commonwealth* v. *Duquette*, 386 Mass. 834 (1982).

especially in OUI cases, to conduct such a colloquy before accepting a guilty plea or an admission to sufficient facts. For that purpose, I used a sheet that I believe was provided by Chief Justice Zoll's office. The sheet was on my bench and I used it in both guilty pleas and admissions to sufficient facts.

"I have read the affidavit of attorney Stuart Rosnick. I recall that he appeared before me occasionally, and certainly not as often as the 'hundreds of times' that he stated in his affidavit. I also do not recall that Mr. Rosnick ever complained to me about the adequacy of the colloquy that I conducted in any case he might have handled.

"If any attorney or defendant brought to my attention that a colloquy was deficient in any way, I would have remedied it.

"I note in this case that the defendant signed a jury waiver. I would certainly have conducted a jury-waiver colloquy.

"Based on my review of the papers in this case and my customary practice, I have no reason to believe that I did not provide the required colloquy before accepting the defendant's admission to sufficient facts."

After receiving the Commonwealth's opposition, the defendant submitted a supplemental affidavit from Rosnick. In this affidavit, Rosnick identified the five attorneys he mentioned in his first affidavit, who claimed to have been familiar with the plea judge's customary plea practice. Rosnick also provided information regarding three other defendants who, in 2004 and 2005, moved to withdraw guilty pleas that had been accepted by the plea judge between 1986 and 1990. In two of those cases, Rosnick represented the defendants. In both of those cases, the defendants' affidavits in support of their motions to withdraw their guilty pleas contained language identical to the emphasized phrases found in the instant defendant's affidavit. Also, in both of those cases, Rosnick filed nearly identical affidavits of his own, making the same claim regarding the plea judge's practice of not conducting colloquies in such matters, and his claim of having appeared before the plea judge on hundreds of occasions.

Rosnick also submitted affidavits from two other attorneys, which were prepared in 2004, for the third case. The first attorney averred that he had practiced law in Salem since 1985, and until green sheets were created in 1996, he claimed that the plea judge accepted defendants' guilty pleas without conducting a complete colloquy with them regarding their rights. The second attorney, who was counsel to the defendant in the third case, made essentially the same claim.

2. *The motion judge's decision.* After conducting a nonevidentiary hearing, the motion judge made written findings and denied the motion for new trial. Without making reference to the plea judge's affidavit or to those submitted by the defendant, the motion judge found that "based upon the weight of the evidence presented, [a] finding is made that the defendant was *not* afforded the prescribed plea colloquy by the [c]ourt when his plea was accepted" (emphasis in original). Despite this finding, the motion judge determined that he "must look at the entire circumstances surrounding the defendant's request for relief" to evaluate "whether there exists a substantial miscarriage of justice." The motion judge then evaluated other extrinsic evidence and determined that the plea was voluntary and intelligent.[6]

In conclusion, the motion judge noted that the better practice is to provide a colloquy at the time the plea is accepted. However, given the facts of this case, including the defendant's prolonged delay in challenging the plea, the motion judge found "that substantial justice was done" and denied the motion.

3. *Discussion.* It cannot be gainsaid that before a guilty plea or an admission to sufficient facts is accepted, a judge must conduct a colloquy with the defendant to determine whether the plea is voluntary and intelligent. See *Boykin* v. *Alabama,* 395 U.S. 238, 242-243 (1969); *Commonwealth* v. *Foster,* 368 Mass. 100, 105-107 (1975). Thus, if a defendant received a constitutionally inadequate plea colloquy, he is entitled to withdraw that plea. See

[6]This evidence included the following facts: the defendant was represented by counsel, the defendant signed a jury waiver form, the facts recited in a police report contained adequate evidence to support the charges, the suspension of the defendant's license at his arraignment put him on notice of the nature of the charges and their attendant consequences, and there was no evidence that the defendant was coerced or pressured into the admission.

*Commonwealth* v. *Colon*, 439 Mass. 519, 529 (2003). Here, the defendant claims, and the motion judge found, that his admission to sufficient facts was not preceded by a colloquy. To address this claim, we must first determine what constitutes the record in this case.

In a typical case where a defendant claims the plea proceedings were inadequate, we review the relevant transcript to determine whether the colloquy was properly conducted. See, e.g., *Commonwealth* v. *Hunt*, 73 Mass. App. Ct. 616, 620 (2009). In a less typical, but nonetheless frequent case, the record is no longer available as the defendant's dilatory filing of the challenge to the proceeding occurs at a point in time when the tape recording or stenographic record is no longer kept.[7] See *Commonwealth* v. *Lopez*, 426 Mass. 657, 661 (1998). In that situation, when it is possible, we permit the record to "be reconstructed through testimony or other suitable proof of what happened in court when the guilty plea was taken." *Commonwealth* v. *Quinones*, 414 Mass. 423, 432 (1993). One approved method of reconstruction may occur when a plea judge relies on his customary practice in taking guilty pleas at the relevant time. See *ibid.*; *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 54 (2000).

We have applied this same method of reconstruction when the plea judge who submits the affidavit was retired at the time the challenge was made. In *Commonwealth* v. *Ciampa*, 51 Mass. App. Ct. 459 (2001), the defendant moved for a new trial and to withdraw his guilty plea based on his claim that he did not receive the immigration warning required by G. L. c. 278, § 29D. *Id.* at 459-460. Because the transcript of the plea hearing was no longer available, the Commonwealth submitted an affidavit of the judge who took the plea, who had since retired, in which he set forth his customary plea practice. *Id.* at 460

---

[7]"See G. L. c. 221, § 27A, providing for the disposition of obsolete court papers or records as implemented in S.J.C. Rule 1:12, as appearing in 382 Mass. 717 (1981), allowing for the destruction of stenographic notes made in any court of the Commonwealth after the expiration of six years from the date the notes were taken (except for notes of a transcript which has been ordered and not completed, or notes subject to a court order), and Rule 211(A)(4) of the Special Rules of the District Courts (1997), calling for the preservation of tape recordings of[, among others, any] guilty plea, or admission to sufficient facts for at least two and one-half years." *Commonwealth* v. *Lopez*, 426 Mass. 657, 659 n.3 (1998).

& n.2. We concluded that "the plea judge's statement that it was his usual practice to administer the warnings to all defendants, constitutes a 'record' within the meaning of G. L. c. 278, § 29D."[8] *Id.* at 462. See *Commonwealth* v. *Diaz,* 75 Mass. App. Ct. 347, 351-352 (2009).

Similarly, in *Commonwealth* v. *Simmons,* 448 Mass. 687, 689-690 (2007), the court took note of the use of a retired judge's affidavit to reconstruct the record of a plea hearing.[9] Also, in *Commonwealth* v. *Quinones, supra* at 432-433 n.7, in support of its view that there is nothing improper in relying on a judge's customary practice in taking guilty pleas to reconstruct the record, the court cited *United States* v. *Warren,* 973 F.2d 1304, 1309-1310 (6th Cir. 1992), where a 1970 plea hearing record had been reconstructed in part by relying on the affidavit of the plea judge, who was no longer a trial judge, stating his customary practice.[10] In light of these examples, and no argument from the defendant to the contrary, we hold that even though the plea judge in this case has retired, his affidavit sufficed to reconstruct the record. To hold otherwise would reward a defendant who either patiently waits until the plea judge

[8]We went on to hold that the reconstructed record did not adequately specify that all three required warnings were given, and remanded the case for further proceedings. *Commonwealth* v. *Ciampa,* 51 Mass. App. Ct. at 463-464.

[9]In *Commonwealth* v. *Simmons,* 448 Mass. at 689-690, in the course of reciting the case's procedural history, the court noted that the defendant had previously filed a motion for new trial and to withdraw his guilty plea based on, among other things, the absence of a colloquy at his 1981 guilty plea. The Commonwealth submitted an affidavit from the plea judge, who had retired, indicating that he had no specific recollection of the original sentencing, but that his usual practice conformed with Mass.R.Crim.P. 12, 378 Mass. 866 (1979). This court concluded in an unpublished memorandum and order that the Commonwealth had met its burden of showing substantial compliance with rule 12(c) on the basis of the plea judge's affidavit. *Commonwealth* v. *Simmons,* 48 Mass. App. Ct. 1115 (2000). The Supreme Judicial Court denied further appellate review. *Commonwealth* v. *Simmons,* 432 Mass. 1105 (2000).

[10]In *United States* v. *Warren, supra* at 1306, 1309, the defendant's three 1970 State court convictions, which occurred as a result of his guilty pleas, served as predicate offenses to permit him to be sentenced as an armed career criminal on August 29, 1991. See 18 U.S.C. § 924(e). The defendant's 1970 guilty pleas were accepted by Judge John P. Hayes, who served as a judge on the Kentucky Circuit Court Thirtieth Judicial Circuit between 1969 and 1976. In 1976, Judge Hayes was elected to the Kentucky Court of Appeals, where he later became the Chief Judge. See The American Bench: Judges of the Nation at 991 (4th ed. 1987-1988).

retires, or whose dilatoriness in challenging his plea brings with it the fortuity of the plea judge's retirement.

Here, the motion judge found that "based upon the weight of the evidence presented," the defendant was not afforded a colloquy. However, the motion judge erred by viewing the plea judge's affidavit as mere evidence upon which he could make a determination of credibility.[11] Reconstruction of the record of a plea proceeding is not an adversary process in which a plea judge is reduced to a mere witness. See *Commonwealth* v. *Rzepphiewski*, 431 Mass. at 54 ("[t]he judge's recitation of facts and statement of his customary practice in taking pleas need not be in the form of testimony before another judge"). In fact, the Supreme Judicial Court has held that when a judge reconstructs a plea hearing with a statement of his customary practice, it does not violate the confrontation clause because "[t]he judge is not acting as a witness against the defendant in a constitutional sense." *Commonwealth* v. *Quinones*, 414 Mass. at 434. Here, because the plea judge's affidavit set forth his practice of conducting colloquies at the time in question, which is presumed valid, it was error for the motion judge to find otherwise.

This does not end the matter. The plea judge's affidavit, which set forth his practice of providing colloquies at the relevant time, enjoys the presumption of validity unless it can be rebutted. Relying on *Commonwealth* v. *Colon*, 439 Mass. at 525-530, the defendant asserts that he has rebutted it. We disagree.[12] In *Colon*, the defendant moved to withdraw his guilty

---

[11]The motion judge also erred by finding that no colloquy occurred and then considering extrinsic evidence as proof that the plea was in fact knowing and voluntary. See *Commonwealth* v. *Foster*, 368 Mass. at 108 n.7; *Commonwealth* v. *Quinones*, 414 Mass. at 432. In addition, it was error for the motion judge to evaluate the defendant's circumstances to determine whether there exists a substantial risk of a miscarriage of justice. While a judge may grant a motion for a new trial "if it appears that justice may not have been done," Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), there is no corollary in the guilty plea context that permits such a motion to be denied if there is no substantial risk that justice miscarried. See *Commonwealth* v. *Colon*, 439 Mass. at 529.

[12]In this case, because the motion judge was not the plea judge, and because the motion judge did not conduct an evidentiary hearing (in which case we would have deferred to his assessment of witness credibility), we are in the same position as the motion judge to evaluate the record. See *Commonwealth* v. *Phinney*, 446 Mass. 155, 158 (2006); *Commonwealth* v. *Fortini*, 68 Mass. App. Ct. 701, 703 (2007).

pleas that had been accepted by the same judge in 1994 and 1996. *Id.* at 520. The Commonwealth's opposition to the motion was supported by an affidavit from the plea judge regarding his regular plea colloquy practice. *Id.* at 523. The court determined that the evidence the defendant offered to rebut the presumption of regularity overwhelmingly demonstrated that over many years the plea judge followed substantially the same pattern of providing "grossly inadequate" colloquies. *Id.* at 526.[13] The court further noted that the regular plea practice described in the plea judge's affidavit was "contradicted squarely by the colloquies on the seven tape recordings, the colloquies defense counsel observed, and the typical colloquies described by the two attorneys who were subpoenaed by the defendant to testify at the hearing." *Id.* at 527.

In this case, the defendant did not submit a single transcript or recording of the plea judge conducting a plea colloquy, much less several contemporaneous transcripts that demonstrated a pattern of grossly inadequate colloquies as were provided in *Commonwealth* v. *Colon, supra.* Although such evidence may no longer be available here because of the two decades that have passed since the time of the plea, this fact is the result of the defendant's over-all dilatoriness in making this challenge. Nor is this case like *Commonwealth* v. *Grant,* 440 Mass. 1001, 1002 (2003), quoting from *Matter of Markey,* 427 Mass. 797, 807 (1998), where the court's public discipline of the plea judge for his "pattern of conduct with regard to plea colloquies, whereby he exhibited a wilful disregard of the law," justified a remand to

---

[13]The defendant in *Commonwealth* v. *Colon,* 439 Mass. at 520-521, submitted a tape of the 1996 hearing, "which revealed various deficiencies in that colloquy," as well as affidavits from attorneys who regularly appeared before the plea judge and "never heard [him give] a full colloquy." The defendant also provided the motion judge with defense counsel's affidavit stating that (1) she had obtained six recordings of guilty pleas taken by the plea judge in 1996 and 1997 that were randomly selected by a clerk magistrate; (2) she attended three colloquies given by the plea judge in 2000; and (3) none of the six recorded pleas, the defendant's own 1996 recorded plea, or the three pleas she witnessed in 2000 were "constitutionally adequate." *Id.* at 521. At the hearing on the motion, defense counsel and two other attorneys testified that the plea judge "adhere[d] to substantially the same pattern," in which there was "virtually no dialogue between the judge and the defendant." *Id.* at 522. That pattern was "consistent with transcripts from the seven tape-recorded colloquies." *Ibid.*

the trial court to reconstruct the record. Nor is there even an allegation, let alone proof, that the plea judge harbored some bias against the defendant. See *Commonwealth* v. *Quinones, supra* at 434. In fact, the plea judge, quite understandably, did not even remember this case. Also, the defendant's motivation in bringing this matter was based on an adverse consequence — suspension of his license — that was not contemplated at the time of the plea. See *Commonwealth* v. *Wheeler,* 52 Mass. App. Ct. 631, 638 (2001) ("The presumption of regularity and the principle of finality are particularly applicable when, as here, adverse consequences appear, especially adverse consequences not contemplated or considered possible at the time of the proceeding"). Finally, the defendant makes no claim that his attorney provided ineffective assistance during the plea proceeding.

The proof the defendant does offer in an effort to rebut the presumption of regularity is far from convincing. The defendant submitted his own affidavit, which employed identical phrases used by Rosnick's clients, averring that he was nervous, that things happened very fast, and that he did not recall or believe that the plea judge conducted a colloquy. The defendant also submitted an affidavit from Rosnick (who was not the defendant's attorney). This affidavit was nearly identical to affidavits Rosnick had filed in other cases in which Rosnick also contended that he had appeared hundreds of times before the plea judge, but that claim was contradicted by the judge. Also, although Rosnick claimed he had practiced before the plea judge since 1973, and averred that the judge did not conduct colloquies until the 1996 advent of the green sheet, such colloquies were not required until 1985 when we decided *Commonwealth* v. *Mele,* 20 Mass. App. Ct. 958 (1985). See *Commonwealth* v. *Hoyle,* 67 Mass. App. Ct. 10, 11-12 (2006) (affidavits from three attorneys who did not represent the defendant, which claimed the lack of colloquies during a pre-*Mele* period, "add[ed] little to the calculus"). In any event, this was also specifically contradicted by the plea judge, who stated that he had been conducting full colloquies since *Commonwealth* v. *Duquette,* 386 Mass. 834, 846-847 (1982), was decided, five years before the defendant's plea. The defendant also submitted affidavits from two other attorneys from different cases, unsupported by transcripts, in which they made similar

allegations that the plea judge did not conduct proper colloquies before 1996.

All of these recycled affidavits, which employed identical stock phrases and allegations, stand in stark contrast to the practically irrefutable and overwhelming record evidence that was submitted in *Commonwealth* v. *Colon, supra.* They also stand in contrast to the affidavit of a respected judge with thirty-four years of experience on the bench, who had been a judge for twenty-three years when the defendant admitted to sufficient facts. See *Commonwealth* v. *Quinones, supra* at 432 n.6 (reliance on judge's customary practice "is particularly appropriate as to this experienced senior trial judge who had been a Superior Court justice for almost fourteen years when he accepted the pleas and for almost twenty years when he made his findings and rulings"). Although the plea judge's affidavit did not set forth what specific questions he would routinely ask during a colloquy, he did make explicit reference to complying with *Commonwealth* v. *Duquette, supra,* which was decided in 1982, and that he used a sheet of questions prepared by the Chief Justice of the District Court.[14] In light of all these factors, we conclude that the defendant has not rebutted the presumption of regularity.

> *Order denying motion for new*
> *trial affirmed.*

---

[14]We note that the defendant challenged whether a colloquy was conducted, not its adequacy.