On December 4, 2008, the defendant, Christopher Broderick, pleaded guilty in the Boston Municipal Court to three counts of assault and battery on a police officer and one count of resisting arrest. Approximately eight years later, on September 29, 2016, the defendant filed a motion to vacate plea and for new trial. On December 12, 2016, the motion judge, who also presided at the 2008 plea hearing, conducted a nonevidentiary hearing on the defendant's motion, which she denied on the record. This appeal ensued. For the reasons stated below, we affirm.
The defendant argues that the judge erred in denying his motion, because his guilty plea was not knowingly, voluntarily, and intelligently made, and because his plea counsel rendered ineffective assistance. In support of his motion, the defendant submitted his own affidavit, which averred, inter alia, that his attorney coerced him to plead guilty, failed to explain the consequences of the guilty plea, failed to explain the elements of the crimes to which he was pleading guilty, and failed to advise him of the legal rights he would waive by pleading guilty.[2]
"A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)." Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015), quoting Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). Motions for a new trial are committed to the sound discretion of the judge, Commonwealth v. Moore, 408 Mass. 117, 125 (1990), and "are granted only in extraordinary circumstances." Commonwealth v. Comita, 441 Mass. 86, 93 (2004). "[A]s the motion judge was also the plea judge, we accord substantial deference to [her] decision to deny the motion". Commonwealth v. Williams, 71 Mass. App. Ct. 348, 354 (2008). "A judge may make the ruling based solely on the affidavits and must hold an evidentiary hearing only if the affidavits or the motion itself raises a 'substantial issue' that is supported by a 'substantial evidentiary showing.' " Commonwealth v. Scott, 467 Mass. 336, 344 (2014), quoting Commonwealth v. Stewart, 383 Mass. 253, 260 (1981).[3]
In the present case, the judge made several observations on the record in denying the defendant's motion. First, she stated that the defendant failed to provide any affidavit from plea counsel, much less one supporting the defendant's claim that he was not advised of his legal rights. See Commonwealth v. Vasquez, 55 Mass. App. Ct. 523, 533 (2002) ("Conspicuously absent in these circumstances is an affidavit from ... counsel"). Second, the judge reasoned that "other than [the defendant's] self-serving statement that he was coerced, I don't have -- there's no evidence before me of that, or that he didn't get properly advised by the Court, or that he didn't get properly advised by his attorney." See ibr.US_Case_Law.Schema.Case_Body:v1">id. (defendant's affidavits filed with motion for new trial were "suspiciously self-serving" and "conclusory"); Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 637 (2001) ("In those instances where the defendant's attack on his conviction or his plea by a rule 30 [b] motion proceeds, necessarily, on a basis extrinsic to an unavailable contemporaneous record, a judge is not required to accept the defendant's self-serving affidavit as sufficient to satisfy his burden"). Third, she noted that the trial court docket contradicted various claims made by the defendant, including his claim that he was held in custody following a dangerousness hearing. See Commonwealth v. McCants, 20 Mass. App. Ct. 294, 297 (1985) ("Docket entries are prima facie evidence of the facts recorded there"). Fourth, the judge stated that she does "a complete colloquy with everybody that I take a plea from, and if I'm not satisfied that the person understands what he or she is doing, I won't accept the plea."[4] To this we add that the defendant and his counsel signed the tender of plea form (i.e., the "green sheet"), containing the waiver of rights notice to the defendant and certification by plea counsel that he explained the waiver of jury trial and other rights, "so as to enable the defendant to tender his or her plea of guilty or admission knowingly, intelligently and voluntarily."
In short, the judge determined that the defendant's self-serving claims lacked factual support and credible evidence. See Wheeler, 52 Mass. App. Ct. at 640-641 (denial of motion for new trial upheld where defendant's claim lacked reliable and credible proof and ran counter to presumption of regularity).[5] Combined with the evidence from the docket contradicting the defendant's argument, and the other factors described by the judge at the motion hearing, we cannot say that she abused her ample discretion in denying the motion.[6]
Order denying motion to vacate plea and for new trial affirmed.

The defendant's motion and supporting documents contained additional details of his arrest, including allegations that the arresting officers acted as the aggressors and never provided Miranda warnings to him.

Where, as here, a motion for a new trial is also based on ineffective assistance of counsel, the defendant must show that the "behavior of counsel [fell] measurably below that [of] an ordinary, fallible lawyer" and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

Citing Commonwealth v. Ciampa, 51 Mass. App. Ct. 459, 463 (2001), the defendant contends that the judge's reliance on her "customary practice" was erroneous because she failed to state on the record the date on which that customary practice began and that the advisement included all warnings. The argument is unavailing. In Ciampa, this court remanded the case to the Superior Court where the motion judge "relied solely on a general statement of customary past practice" to deny a motion to vacate a guilty plea due to an alleged failure to provide the immigration advisements mandated by G. L. c. 278, § 29D. Id. at 463-464. Here, by contrast, the judge did not rely "solely" on her customary past practice in denying the defendant's motion, but relied upon the numerous factors delineated supra.

In view of the judge's conclusions regarding the absence of evidence supporting the motion, the defendant has likewise failed to meet his burden of establishing that plea counsel rendered ineffective assistance. See Commonwealth v. Ubeira-Gonzalez, 87 Mass. App. Ct. 37, 41, 45 (2015).

To the extent we do not discuss other arguments made by the defendant, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).