COMMONWEALTH *vs.* GEORDANO RODRIGUEZ. March 5, 2014. *Controlled Substances. Constitutional Law,* Plea, Conduct of government agents. *Due Process of Law,* Plea, Disclosure of evidence, Presumption. *Practice, Criminal,* Admission to sufficient facts to warrant finding, Plea, Conduct of government

---

agents, Disclosure of evidence, Presumptions and burden of proof. *Evidence,*
Guilty plea, Certificate of drug analysis, Disclosure of evidence, Exculpatory,
Presumptions and burden of proof.

In June, 2011, allegations of misconduct at the William A. Hinton State
Laboratory Institute in the Jamaica Plain section of Boston surfaced regarding
work performed by Annie Dookhan, a chemist who had been employed in the
forensic drug laboratory (Hinton drug lab) since November, 2003. Based on
investigations conducted by the Department of Public Health and the State
police, Dookhan was indicted on multiple counts of evidence tampering and
obstruction of justice, as well as on at least one count of perjury and one
count of falsely claiming to hold a graduate degree, all relating to her handling
and testing of samples at the Hinton drug lab. See *Commonwealth* v. *Scott,*
*ante* 336, 337-342 (2014); *Commonwealth* v. *Charles,* 466 Mass. 63, 64
(2013). Dookhan resigned from her position, effective March 9, 2012, and the
Hinton drug lab was closed on August 30, 2012. The present case is one of
several that has arisen as a consequence of the testing of drug evidence by
Dookhan at that facility. We decide this appeal on the basis of our opinion
today in *Scott.*[1]

A criminal complaint issued from the Dorchester Division of the Boston
Municipal Court Department charging the defendant, Geordano Rodriguez,
with possession with intent to distribute a class A controlled substance (heroin),
G. L. c. 94C, § 32 (*a*) (count I); commission of this offense within a school
zone, G. L. c. 94C, § 32J (count II); and possession of a class D controlled
substance (marijuana), G. L. c. 94C, § 34 (count III). The substances in the
four plastic bags seized from the defendant were sent to the Hinton drug lab
for testing, and they were determined to contain 5.19 grams of heroin. The
first signature on the certificate of drug analysis, on the line labeled "As-
sistant Analysts," was that of Dookhan.[2] On January 10, 2006, the defendant
tendered an admission to sufficient facts to warrant findings of guilty on
counts I and III, conditioned on specific dispositional terms that were agreed
to by the Commonwealth. See Dist./Mun. Cts. R. Crim. P. 4 (c). Count I was
reduced to possession of a class A substance, and count II was dismissed.[3]
The defendant was sentenced to a one-year term of probation on counts I and
III, to run concurrently, and the judge imposed an additional penalty of fifty
hours of community service.

On November 19, 2012, the defendant filed a motion to withdraw his guilty
pleas pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501
(2001). He claimed that, as a consequence of Dookhan's misconduct at the
Hinton drug lab, his guilty pleas were not "knowing and voluntary," his due
process rights were violated by the Commonwealth's failure to provide true
and accurate discovery prior to his guilty pleas, and the evidence relating to
Dookhan's misconduct constituted "newly discovered exculpatory evidence."

---

[1]Since this case was argued, Dookhan has pleaded guilty to numerous criminal
charges, including evidence tampering, perjury, and witness intimidation.

[2]In 2005, Dookhan tested 11,232 drug samples, which was her highest number in any
one year. The second most productive chemist in 2005 tested 6,053 drug samples.

[3]The defendant's conviction of possession of a class A substance resulted in his de-
tainer by United States Immigration and Customs Enforcement.

Following a hearing on February 11, 2013,[4] a judge denied the defendant's motion but made no written findings. The defendant appealed, and we granted his application for direct appellate review.[5]

An admission to sufficient facts is treated as a plea of guilty. *Luk* v. *Commonwealth*, 421 Mass. 415, 418 n.6 (1995), citing *Commonwealth* v. *Duquette*, 386 Mass. 834, 841 (1982). A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b). *Commonwealth* v. *Furr*, 454 Mass. 101, 106 (2009). A judge may grant such a motion "if it appears that justice may not have been done." Mass. R. Crim. P. 30 (b). See *Commonwealth* v. *Grace*, 397 Mass. 303, 305 (1986). A motion for a new trial is committed to the sound discretion of the judge. *Commonwealth* v. *Russin*, 420 Mass. 309, 318 (1995). We review a judge's denial of a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion." *Commonwealth* v. *Robideau*, 464 Mass. 699, 701-702 (2013), quoting *Grace, supra* at 307.

The defendant contends on appeal, as he did during the hearing on his motion to withdraw his guilty pleas, that his motion should have been allowed because Dookhan's misconduct rendered his pleas involuntary and unintelligent, such misconduct constituted newly discovered evidence that cast real doubt on the justness of his convictions, and the Commonwealth failed to provide him with material exculpatory evidence prior to his admission to sufficient facts. Based on our reasoning in *Scott, supra* at 362, we conclude that the defendant is entitled to a conclusive presumption that Dookhan's misconduct happened in his case, that such misconduct was egregious, and that its occurrence was attributable to the Commonwealth. However, in order to prevail on his motion, the defendant still must demonstrate a reasonable probability that had he known of Dookhan's misconduct at the Hinton drug lab, he would not have pleaded guilty to the charges against him and would have insisted on going to trial. *Id.* The judge has made no findings on this matter. Accordingly, we vacate the judge's denial of the defendant's motion to withdraw his guilty pleas, and we remand the case for further proceedings and findings in accordance with this opinion and our reasoning in *Scott.*

*So ordered.*

*Claudia Leis Bolgen* for the defendant.

[4]At the hearing on the defendant's motion to withdraw his guilty pleas, defense counsel stated, "[H]ad the defendant known what was afoot at [the Hinton drug] lab, I would not have advised him to take this plea and he surely would have gone to trial and challenged the Commonwealth's evidence." Defense counsel further stated that, with knowledge of what had transpired at the facility, he would have argued at trial that the drug evidence was tainted and the chain of custody was flawed. That being the case, defense counsel continued, the trier of fact would not be able to conclude beyond a reasonable doubt that the defendant was guilty of the charges against him. The Commonwealth countered that there was no evidence to connect what had transpired at the Hinton drug lab to the defendant's case. Further, in the Commonwealth's view, once the defendant admitted to sufficient facts for findings of guilty, he could not claim, based on evidence discovered years later, that his admissions had been involuntary and unintelligent.

[5]We acknowledge the amicus brief filed in support of the defendant by the Committee for Public Counsel Services, the American Civil Liberties Union, the American Civil Liberties Union of Massachusetts, and the Massachusetts Association of Criminal Defense Lawyers. We also acknowledge the amicus brief filed in support of the defendant by the Innocence Network.

*Vincent J. DeMore*, Assistant District Attorney, for the Commonwealth.

The following submitted briefs for amici curiae:

*Keith A. Findley*, of Wisconsin; *M. Christopher Fabricant & David Loftis*, of New York; *Howard Schiffman, Katherine L. Schuerman, & Michael Sanocki*, of the District of Columbia; & *David Duncan*, for The Innocence Network.

*Emma A. Andersson & Ezekiel R. Edwards*, of New York; *Emily A. Cardy & Eric Brandt*, Committee for Public Counsel Services; & *Matthew R. Segal & Elizabeth A. Lunt*, for Committee for Public Counsel Services & others.