NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1114

COMMONWEALTH

vs.

TIFFANY CIPROTTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order that denied her motion to withdraw her plea of guilty to operating under the influence of intoxicating liquor (second offense).  The thrust of the defendant's argument is that she received ineffective assistance of counsel at the plea stage, because defense counsel did not advise her that she had a "complete defense" to a different charge that she was then facing -- for operating without a mandated ignition interlock device.  The interlock charge would have carried a mandatory minimum sentence of six months in jail, and was dismissed at the time the defendant made the plea at issue.

We affirm the denial of the motion to withdraw the plea.

Background.  The defendant was stopped by a State trooper while driving at 2:10 A.M. on January 16, 2020, in the city of

Leominster. The defendant did not have a driver's license, and had not had a driver's license since 2011. The officer reported that the defendant's eyes were glassy and bloodshot, and that her speech was slurred. The trooper noticed a strong odor of alcohol emanating from the defendant's breath. On exiting the car, the defendant was unsteady on her feet, and was holding onto the car for balance. The trooper administered field sobriety tests, and formed the opinion that the defendant was under the influence.

The defendant was charged with (1) unlicensed operation of a motor vehicle, G. L. c. 90, § 10; (2) operating under the influence of liquor (third offense), G. L. c. 90, § 24 (1) (a) (1); and (3) operating without an ignition interlock, G. L. c. 90, § 24S (a). In February 2022, the defendant pleaded guilty, after a colloquy with a District Court judge, to unlicensed operation of a motor vehicle and operating under the influence of liquor (amended to second offense). The Commonwealth dismissed the ignition interlock charge as part of the negotiated plea. During the plea colloquy -- the propriety of which is not challenged -- the defendant affirmed the truth of the facts stated above. The defendant also testified that she had had sufficient time to speak with her attorney prior to pleading guilty, and that she was satisfied with his advice. The judge also inquired of defense counsel, who confirmed that

2

he had reviewed with the defendant the elements of the various charges, the maximum penalties, and the defendant's possible defenses. The defendant was sentenced to six months in the house of correction, suspended for two years of probation, and was ordered to complete an inpatient treatment program, to abstain from alcohol, and to comply with alcohol testing.

Four months later, in June of 2022, the defendant filed the motion for new trial at issue, seeking to set aside her guilty plea. The defendant argued that she had received ineffective assistance of counsel, because counsel had incorrectly advised her that she had "no defense" to the operating without an ignition interlock charge. The defendant contended that, to the contrary, she had a complete defense to that charge because she was not a licensed driver, and thus could not be guilty under G. L. c. 90, § 24S, because that crime required that she had operated a vehicle "while" she was a licensed operator required to have such a device. See Commonwealth v. Pettit, 83 Mass. App. Ct. 401 (2013). The defendant asserts that counsel's error was material, because had she known that she could not be convicted of the interlock charge, she would have gone to trial on the operating under the influence charge.

The defendant submitted three affidavits in support of her motion -- hers, her mother's, and defense counsel's. The defendant's affidavit set forth the contentions listed above

3

about the advice she received from defense counsel, and the defendant's mother's affidavit stated that she also had been present during the meetings with defense counsel, and corroborated the defendant's affidavit.  Defense counsel's affidavit stated, in relevant part, that "[o]ver the life of the case and on the day of trial, [he] believed that [the defendant] had a viable defense" to all three charges, but that, "after advising [the defendant] of the defenses . . ., she decided to tender a guilty plea."  Defense counsel's affidavit thus appears to contradict the defendant's affidavit, at least in part, by indicating that he believed the defendant had an (unspecified) defense to the interlock claim, and that he had advised her of that defense.

The District Court judge (the same judge that had taken the plea) denied the defendant's motion.  The judge noted that he "credit[ed] the [a]ffidavit of [defense counsel] where he instructed the defendant that she had a viable defense(s) to the charge of [o]peration without an [i]gnition [i]nterlock, but that the defendant voluntarily pleaded guilty nonetheless." This appeal followed.

Discussion.  A motion to withdraw a guilty plea is treated as a motion for new trial under Mass R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), and is to be allowed only "if it appears that justice may not have been done."  See

4

Commonwealth v. Rodriguez, 467 Mass. 1002, 1004 (2014).  We review the denial of such a motion for abuse of discretion or other error of law.  See id.  Where, as here, the judge who denies the motion for new trial is the same judge who took the guilty plea, we pay "[p]articular deference . . . to the rulings of [the] motion judge."  See Commonwealth v. Lastowski, 478 Mass. 572, 575 (2018).

A defendant asserting ineffective assistance of counsel must meet a two-part test.  First, "a defendant must show that . . . the 'behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer,'" and second, that "counsel's poor performance 'likely deprived the defendant of an otherwise available, substantial ground of defence'" -- that is, that the defendant was "prejudice[d]" (citations omitted).  Lastowski, 478 Mass. at 575-576.  The thrust of the defendant's appeal is that the judge abused his discretion here, because (she asserts) "there was no actual dispute as to trial counsel's failure to advise the [defendant] of an available, likely successful legal defense to the interlock charge."  The premise of this argument is incorrect, because as noted above, defense counsel averred that he did advise the defendant that she had a defense to the interlock charge, and the judge credited that averment in denying the motion.  But here we need not rest our decision on defense

5

counsel's averment, because in any event, the defendant did not satisfy her burden of showing prejudice.

To prevail, the defendant needed to show not only ineffective assistance by her lawyer, but also that, but for the lawyer's failure, there is a "reasonable probability" that the "result of the proceeding would have been different" (citation omitted). Commonwealth v. Clarke, 460 Mass. 30, 46 (2011). Here, that burden required the defendant to show at least (1) that if properly advised, she would have gone to trial on the operating under the influence charge,[1] and (2) that doing so would have been "rational under the circumstances," because she had an "available, substantial ground of defence" (citations omitted). Id. Cf. Commonwealth v. Millien, 474 Mass. 417, 432 (2016) ("defense is 'substantial' . . . where we have a serious doubt whether [a] jury verdict would have been the same had the defense been presented").

The defendant, however, has not addressed why it would have been rational for her to proceed to trial on the operating under the influence charge, where the charge was a "third offense," which also carried a mandatory minimum jail sentence. G. L. c. 90, § 24 (1) (a) (1). The evidence recited by the

---

[1] The defendant does not mention the driving without a license charge, but the defendant had no chance of prevailing as to that charge. The premise of her defense to the interlock charge is that she did not have a license.

6

Commonwealth was quite strong -- the defendant was stopped late at night, had alcohol on her breath, admitted to having one drink, could not navigate outside the car without holding onto it, and apparently failed the field sobriety tests. The defendant does not address any of this evidence in her brief; indeed, the police report as to the field sobriety tests is not included in the record. The defendant thus has not shown that she had a defense and that it would have been rational for her to go to trial, when doing so would have risked mandatory jail time that was avoided by her guilty plea to the reduced charge. Under the circumstances, even if the defendant had shown ineffective assistance of counsel (and we do not hold that she did), the defendant failed to meet her burden to show prejudice, and we thus discern no abuse of discretion in the denial of her motion. See, e.g., Lastowski, 478 Mass. at 579 (no abuse of discretion in denial of motion to withdraw plea where defendant failed to show prejudice); Commonwealth v. Gilbert, 94 Mass. App. Ct. 168, 179 (2018) (motion to withdraw plea properly denied where case against defendant was strong and "nothing

7

beyond [defendant's] affidavit . . . suggest[ed] the defendant would not have pleaded guilty but for counsel's conduct").

Order denying motion for a
new trial affirmed.

By the Court (Henry,
Desmond & Englander, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  June 15, 2023.

---

[2] The panelists are listed in order of seniority.